Ent No 86

DAVID D. LAWRENCE, State Bar No. 123039
CHANDRA GEHRI SPENCER, State Bar No. 184010
MICHAEL D. ALLEN, State Bar No. 198126
FRANSCELL, STRICKLAND, ROBERTS & LAWRENCE
A Professional Corporation
225 South Lake Avenue, Penthouse
Pasadena, California 91101-3005
Telephone No. (626) 304-7830
Facsimile No. (626) 795-7460

FILED
JUN 17 1999
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

Attorneys for Defendants
COUNTY OF LOS ANGELES, SHERIFF SHERMAN BLOCK, UNDERSHERIFF JERRY HARPER, ASSISTANT SHERIFF MICHAEL GRAHAM and CHIEF BARRY KING

LODGED
CLERK, U.S. DISTRICT COURT
JUN - 2 1999
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
JUN 21 1999
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUNIQUE WILLIAMS, et al., Plaintiffs, | Case No. CV 97-3826 WJR (Ex) |
| vs. | The Honorable William J. Rea |
| SHERIFF SHERMAN BLOCK, et al., Defendants. | ~~[Proposed]~~ **ORDER ON DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE SUBJECT TO MONETARY AND EVIDENTIARY SANCTIONS AND BE FOUND IN CONTEMPT** |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

TO THE HONORABLE WILLIAM J. REA OF THE CENTRAL DISTRICT AND ATTORNEYS OF RECORD HEREIN:

This matter came on for hearing on May 24, 1999 at 10:00 a.m. before the Honorable William J. Rea in Courtroom 10 of the above-referenced court. Oral argument was presented by Michael D. Allen, counsel for defendants, while Donald Cook and Mary Anna Henley appeared on behalf of plaintiffs. The Court, having considered the moving papers and oral argument:

IT IS HEREBY ORDERED that plaintiffs comply with the February 2, 1999 Court Order requiring responses to interrogatories pertaining to plaintiffs' arrest histories and

DOCKETED
MLD COPY PTYS
MLD NOTICE PTYS

JUN 21 1999
ENTERED ON ICMS 6/21/99
223

damage claims by producing any and all discovery responses not already submitted to defendants. Such responses shall be due within twenty (20) days of this Order.

IT IS FURTHER ORDERED that within thirty (30) days of the date of this Order, plaintiffs and plaintiffs' counsel shall pay to defendants the total sum of $500 as sanctions under Rule 37.

Failure to timely comply with this Order may result in the imposition of more drastic sanctions including, without limitation, dismissal of any non-complying plaintiffs' claims with prejudice.

This Order is based on reasoning consistent with the Tentative Ruling, a true and correct copy of which is attached hereto as Exhibit "A".

Dated: June 16, 1999

The Honorable William J. Rea
United States District Judge

Presented by:
FRANSCELL, STRICKLAND, ROBERTS & LAWRENCE

By: ______________________
MICHAEL D. ALLEN
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF SHERMAN BLOCK, UNDERSHERIFF JERRY HARPER, ASSISTANT SHERIFF MICHAEL GRAHAM and CHIEF BARRY KING

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TENTATIVE RULING

**Case Number:** CV 97-3826 WJR (Ex) **Docket Number:** 1

**Title:** Munique Williams, et al. v. Sherman Block, et al.

**Date:** Monday, May 24, 1999

**Nature of Motion:** Defendants' Motion for an Order to Show Cause Why Plaintiffs and their Counsel Should Not Be Subject to Monetary and Evidentiary Sanctions and Be Found in Contempt

---

**HON. WILLIAM J. REA, JUDGE**

*Marva Dillard, Deputy Clerk*

---

TENTATIVE RULING

The Court is inclined to GRANT Defendants' Motion for an Order to Show Cause why Plaintiffs and their Counsel Should Not Be Subject to Monetary and Evidentiary Sanctions and Be Found in Contempt for failure to Comply with the February 2, 1999 Court Order.

Defendants have brought this Motion pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for an Order to Show Cause why Plaintiffs and their Counsel should not be subject to Monetary and Evidentiary Sanctions and be found in contempt for violating the February 2, 1999 Court Order requiring responses to interrogatories pertaining to Plaintiffs' arrest histories and damage claims.

That February 2 Order directed that "Within 30 days . . . Plaintiffs shall serve Supplemental Answers to Interrogatories Nos. 13 and 10." Plaintiffs failed to comply with this Court Order. No Supplemental Answers were served until May 11, 1999, over three months after the February 2 Order. On May 11, Supplemental Answers were received regarding five Plaintiffs. Defendants state that they still have not received Supplemental







Answers from the other four Plaintiffs: Quinton Cooper, Eric Mitchell, Diane Ramirez, and Munique Williams.

Plaintiffs have made two responses to Defendants' Motion. First, Plaintiffs argue that Defendants failed to meet and confer as required by Local Rule 7.4.1. However, it appears that counsel for Plaintiffs and Defendants did informally meet and confer regarding these issues on March 15, 1999. As such, Local Rule 7.4.1 appears to have been complied with.

Secondly, Plaintiffs argue that Defendants' Motion should be denied because "the remaining outstanding responses will be provided shortly." By making this argument, counsel for Plaintiffs are admitting that they failed to Comply with the February 2, 1999 Court Order.

Rule 37(b) authorizes sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37 (b)(2); United States v. Kahaluu Construction Co., Inc., 857 F.2d 600, 602 (9th Cir. 1988). Due to the alleged failure of Plaintiffs to comply with the February 2, 1999 Order, Defendants ask to be awarded sanctions of expenses and fees for having to bring this instant Motion.

Counsel for Defendants estimates that he has expended 27 hours at a rate of $105 per hour and is therefore requesting fees and costs in the amount of $2,835.00.

Accordingly, the Court is inclined to GRANT Defendants' Motion for an Order to Show Cause why Plaintiffs and their Counsel Should Not Be Subject to Monetary and Evidentiary Sanctions and Be Found in Contemp. for failure to Comply with the February 2, 1999 Court Order.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Pamela Gonzalez, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 225 South Lake Avenue, Penthouse, Pasadena, CA 91101-3005.

On June 1, 1999, I served the foregoing **[Proposed] ORDER ON DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE SUBJECT TO MONETARY AND EVIDENTIARY SANCTIONS AND BE FOUND IN CONTEMPT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

X BY MAIL

_ I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

X As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business.

Executed on June 2, 1999, at Pasadena, California.

Pamela Gonzalez

**SERVICE LIST**
**WILLIAMS, ET AL. V. COUNTY OF LOS ANGELES, ET AL.**
**CASE NO. CV 97-3826 WJR (Ex)**

John C. Burton, Esq.
Law Offices of John C. Burton
35 S. Raymond Avenue, Suite 405
Pasadena, CA 91105

Timothy Midgley, Esq.
Manes & Watson
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010

Robert Mann
Donald W. Cook
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010

Miguel Garcia
Attorney at Law
5842 East Beverly Blvd.
Los Angeles, CA 90022

Mary Anna Henley
Attorney at Law
2766 Santa Rosa Avenue
Altadena, CA 91001

Barrett S. Litt, Esq.
Litt & Associates
3435 Wilshire Blvd., Suite 1100
Los Angeles, CA 90010

Robert C. Moest, Esq.
1802 S. Catalina Ave., No. 103
Redondo Beach, CA 90277



-6