1

**ADDITIONAL COUNSEL OF RECORD**

2

3

JOHN C. BURTON, SBN 86029
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

4

5

6

ROBERT MANN, SBN 48293
DONALD W. COOK, SBN 116666
ADAM J. AXELRAD, SBN 148981
MANN & COOK
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

7

8

9

10

TIMOTHY J. MIDGLEY, SBN 123738
MANES & WATSON
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 381-7793
Facsimile: (213) 381-0024

11

12

13

MARY ANNA HENLEY, SBN 50015
ATTORNEY AT LAW
2766 Santa Rosa Avenue
Altadena, CA 91001
Telephone:(626)794-9978
Facsimile:(626)794-9978

14

15

16

ROBERT C. MOEST, SBN 062166
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

17

18

19

Attorneys for Plaintiffs

20

DAVID D. LAWRENCE, SBN 123039
PAUL B. BEACH, SBN 166265
FRANSCELL, STRICKLAND, et al.
100 West Broadway, Suite 1200
Glendale, CA 91210
Telephone: (818) 545-1925
Facsimile: (818) 545-1937

21

22

23

24

LLOYD W. PELLMAN, SBN 054295
LOU V. AGUILAR, SBN 053053
KEVIN C. BRAZILE, SBN 113355
OFFICE OF COUNTY COUNSEL
500 W. Temple St. #648
Los Angeles, Calif. 90012
Telephone: (213) 974-1904
Facsimile: (213) 687-7300

25

26

27

28

Attorneys for Defendants

Doc. 58614   Client 1171

Plaintiffs hereby submit to the court the final settlement documents in this case, with the stipulated order to settle the case (except for the proposed final order re settlement, which is for signature after the fairness hearing and will be submitted separately after the court signs this order). The parties apologize for the delay. The reason for the delay is that it has taken considerably longer than expected to get the data in a useful form.

All the changes requested by the court have been made, and the dates have been changed to reflect the current schedule. Other changes were made as needed to reflect the current situation. No changes were made to the substantive terms of the settlement.

The parties have not set a hearing date on this matter, but are available should the court wish them to appear. These documents are signed only by counsel for the parties, Paul Beach and Barry Litt, in order to finalize this in the most expeditious manner. There is no motion to approve the settlement scheduled, as the parties see no need for one, but they will file one should the court so desire.

It is respectfully requested that the court enter its order no later than Wednesday, May 15, 2002, and advise counsel immediately that the order has been entered, since the printer must be notified at once so that he may proceed no later than May 17th.

Dated:  May 8, 2002

LITT & ASSOCIATES
A LAW CORPORATION


By: _____
Barrett S. Litt
Lead Counsel for Plaintiffs

1    **Class Actions – Federal Damages Settlement Stipulated Order**

2    **RECITALS**

3            A.      This Stipulated Order encompasses, and is intended to fully and finally

4    resolve, all monetary damages aspects of all of the cases listed on Exhibit "A" attached hereto,

5    which are hereafter collectively referred to as the "Complaints."

6            B.      While the Complaints varied from each other in certain respects -- some

7    alleged violations of law for overdetentions; some for visual body cavity searches for court

8    returnees subject to immediate release; some in state court (with no federal claims); some in

9    federal court (with no state law claims) – a common issue running through all of the Complaints

10   has to do with alleged procedures the Los Angeles Sheriff's Department ("LASD") uses to

11   process people out of jail after they are entitled to release, or how the LASD determines if the

12   individual they are holding is the correct person named on a warrant. The three basic claims

13   relating to requested class and injunctive relief concerned:

14           • Persons who were purportedly not released from Los Angeles County Jail

15              within a reasonable time after they became entitled to release.

16           • Persons who were in the custody of law enforcement and taken to court,

17              became entitled to release while at the courthouse, were remanded to the

18              custody of the LASD and then returned to County Jail, and were purportedly

19              subjected to an unlawful strip and/or visual body cavity search prior to their

20              release.

21           • Persons who were arrested based on warrants who were not, in fact, the

22              persons for whom the warrants were issued, and were purportedly held

23              without any procedure in place to determine if they were the wrong persons,

24              with the result that no determination of whether they were the correct arrestees

25              was timely made, even if LASD personnel were notified that the warrants

26              were not for them.

27           C.      Taken collectively, in the Complaints the Plaintiffs requested an award of

28   damages in favor of each member of the alleged classes and injunctive relief. Plaintiffs also

1

**STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES**

1    prayed for reimbursement of their costs and expenses, and for the allowance of reasonable

2    attorney's fees for prosecuting the Complaints.

3            D.      Defendants challenged the merits of each of the Complaints and contested

4    whether any of the cases should be certified for class action treatment.

5            E.      The parties held several extensive mediation sessions before a neutral third

6    party mediator. As a result of these mediation sessions, the parties have reached an agreement

7    on the resolution of the class damages claims, which they have reduced to writing in this

8    Stipulated Order.

9            F.      In order to bring to rest the controversy between Plaintiffs, the class

10   represented by Plaintiffs, and Defendants, and to secure total and final settlement of all damages

11   claims against Defendants arising out of the purported acts and/or omissions set forth in the

12   Complaints, and to avoid further expense, inconvenience, and the distraction and hazard of

13   burdensome and protracted litigation, the parties to this Stipulated Order desire to settle,

14   compromise, and terminate these actions through final Court approval of the proposed

15   settlement, which resolves all damages claims asserted against Defendants, as well as any and

16   all other damages claims against Defendants which are based upon, or might be based upon or

17   arise from, any of the matters alleged in the Complaints regardless of the legal theory upon

18   which such claims may be based.

19                                        **DEFINITIONS**

20           The following terms are used throughout this Stipulated Order, and have the following

21   meanings:

22   •   Plaintiffs – All class members who have not opted out of the classes.

23   •   Class Counsel –The team of lawyers who have represented the class in the

24       Complaints. They are: Barrett S. Litt, Paul J. Estuar (Firm: Litt & Associates), John

25       Burton (Firm: Law Offices of John Burton), Timothy J. Midgley (Firm: Manes &

26       Watson), Robert Mann, Donald W. Cook, Adam Axelrad (Firm: Mann & Cook),

27       Mary Anna Henley and Robert C. Moest.

28   •   Named Plaintiffs – Any plaintiffs individually named in the Complaints or currently

individually represented by any Class Counsel in claims for overdetention, visual body cavity search and/or wrong warrant detentions as described in the Recitals above, and further defined in Exhibit "B" (the Class Definition). They are identified in Exhibit "D".

- Class Fund or Class Damages Settlement – Total class damages to be paid by Defendants before expenses, and before Class Fund Attorney's Fees ($21,500,000).

- Class Fund Attorney's Fees – Portion of the Class Fund awarded as attorney's fees and costs to Class Counsel under the class fund attorneys' fee doctrine.

- Named Plaintiffs' Distribution – The amount of the Class Fund to be distributed to the Named Plaintiffs.

- *Cy Pres* Fund or *Cy Pres* Distribution – A portion of the Class Fund used to monitor implementation of certain policy changes adopted by the LASD to eliminate the problems of over-detentions, strip/body cavity searches and wrong warrants, and to fund existing LASD Inmate Programs, or community organizations serving the needs of populations at risk to be detained in jail. This distribution addresses the interests of absent class members (i.e., class members who did not file claims, and who, as class members, will nonetheless be bound by a final, approved settlement).

- Class Distribution – The portion of the Class Fund available for distribution to class members who have filed claims (i.e., the Class Fund less Class Fund Attorney's Fees, costs of administration and processing the class claims, the Named Plaintiffs' Distribution and the *Cy Pres* Distribution).

- Class Administrator or Administrator – The Class Administrator approved by the Court to administer the settlement. The parties have agreed, subject to Court approval, to Rosenthal & Co.

## STIPULATION

Now, therefore, for the reasons set forth above,

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective counsel, only for purposes of effectuating this settlement and

3

STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES

1    subject to the final approval of the Court, and notice and an opportunity to be heard being

2    accorded to all class members prior to such final approval, as follows:

3        1. This Stipulated Order addresses the resolution of all of the class damages

4    claims in the Complaints which (to the extent authorized by the Los Angeles Superior Court) will

5    be respectively related in state court before Judge Ann Kough, and in federal court before United

6    States Magistrate Judge Carla M. Woehrle. All but one of the cases are presently stayed, subject

7    to further order of the respective court. The parties stipulate to appoint United States Magistrate

8    Judge Woehrle as the judicial officer to preside over the Class Damages Settlement, under the

9    auspice of the *Williams* case as the lead case.

10       2. For purposes of this settlement only, Defendants stipulate to the

11   certification of three classes, as defined in Exhibit "B" to this Stipulated Order. Defendants

12   reserve the right to withdraw from this Stipulated Order, and to contest any further applications

13   or motions of any class or subclasses appropriate to this litigation, if the Court does not approve

14   this settlement or if more than 250 individuals who qualify as members of any of the classes opt

15   out of the classes. (For purposes of this provision, the 250 figure is an aggregate, encompassing

16   all three classes combined.) Plaintiffs in the existing cases of *Musso v. County of Los Angeles*

17   and *Rosenberg v. County of Los Angeles*, whose cases are not resolved by this Agreement, shall

18   not be considered opt-outs.

19       3. For purposes of effectuating this settlement only, the Court finds there are

20   common questions of law and fact for each of the classes identified in Exhibit "B"; finds that the

21   class action is a superior means to resolve this matter as opposed to other means; and certifies the

22   classes defined in Exhibit "B", which shall be referred to as the Overdetention Class, the Visual

23   Body Cavity Search Class and the Warrant Class.

24       4. If this settlement does not receive final approval by the Court or if

25   Defendants withdraw from the settlement because the number of opt-outs exceeds 250, then the

26   factual recitations and findings contained in this Stipulated Order shall be null, void and deemed

27   vacated, and the status of the class certification motions in the Complaints shall return to the

28   status quo ante.

STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES

1          5.        Each party will comply fully and promptly with all terms and conditions of

2    this Stipulated Order.

3          6.        The Complaints shall be dismissed with prejudice at the time when an

4    order approving the settlement becomes final, except for *Streit* (as to plaintiff Michael Roerich).

5    The effect of those dismissals shall be to bar any and all damages claims which were asserted in

6    the Complaints, specifically the damages claims of the Plaintiffs for all claims encompassed

7    within the definitions of the classes. Injunctive relief claims have already been resolved under a

8    separate injunctive relief agreement.

9          7.        The final Order re Settlement and Release of All Claims shall include a

10   release of all Defendants for all damages claims, and a vacation of the Order of Judge Mariana R.

11   Pfaelzer, entered on March 10, 1999, granting partial summary judgment to Plaintiffs in

12   *Tchakmakjian , et al. v. County of Los Angeles, et al.*, Case No. CV-98-9683-MRP, on the issue

13   of whether the LASD's policy and practice of subjecting court returnees entitled to immediate

14   release to visual body cavity searches prior to release violates the Fourth Amendment, which

15   Order will be deemed null and void, and may not be cited by any party on the basis of the

16   doctrines of *res judicata* or collateral estoppel, or for any other reason. Defendants will dismiss

17   their pending appeals regarding qualified immunity in that case at the time of the entry of the

18   final Order re Settlement and Release of All Claims, except that the individual claims of plaintiff

19   Michael Roerich, in the district court case of *Streit v. County of Los Angeles*, No. CV99-55897,

20   were not resolved by this settlement and are the subject of a separate settlement agreement,

21   which allowed Defendants to complete the appellate review process of the decision in *Streit v.*

22   *County of Los Angeles*, 252 F.2d 552 (9th Cir. 2001) by filing a petition for a writ of certiorari,

23   which has been denied.

24         8.        The Court has reviewed the proposed settlement and preliminarily

25   approves it as fair, adequate, reasonable, equitable and just. A final fairness hearing shall be held,

26   after proper notice to the classes, to determine whether the Court will finally approve the

27   settlement as fair, adequate, reasonable and just, on October 28, 2002, at 9:00 a.m. before United

28   States Magistrate Judge Woehrle. At that hearing, the Court shall rule whether the proposed

**STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES**

1   Order re Release and Settlement of All Claims shall be approved as submitted or in some

2   modified form, but any substantive modifications made to the terms of this settlement shall not

3   be binding on the parties without their express written consent, or consent entered on the record

4   in open court. (The present form of that proposed Order has been separately presented to the

5   Court.)

6           9.      Rosenthal & Co. is approved and appointed by the Court to act as the

7   Class Administrator. The Administrator shall be responsible to process and pay claims submitted

8   by Plaintiffs in this case. Defendants are authorized to and shall provide otherwise confidential

9   information regarding potential class members to the Administrator, who shall maintain its

10  confidentiality and shall use the information only for this case.

11          10.     Notice to potential class members, substantially in the form found in

12  Exhibit "C", shall be mailed in English and Spanish to the last known address contained in

13  LASD records, or to the most reliable address as determined by the parties and the Administrator,

14  to all those who meet the criteria of the class definitions, no later than the week of June 18, 2002.

15  The cover page to the Notice shall explain the nature of the case. The dates contained in Exhibit

16  "C" regarding the time in which to file opt-outs, to file objections to the settlement, to file

17  objections to the Class Counsel's claim for attorney's fees, and to file a Class Claim Form are

18  incorporated by this reference and shall be the operative dates for each. The final Notice mailed

19  to class members shall be substantially in the form reflected in Exhibit "C".

20          11.     A modified and more succinct version of Notice to the Class shall be

21  printed once a week for three (3) consecutive weeks starting no later than July 1, 2002, in the

22  following newspapers: The Los Angeles Times, the Orange County Register, La Opinion (the

23  Notices in La Opinion shall be in Spanish) and, pending consultation with the Administrator and

24  cost determinations, in additional regional and special interest publications.

25          12.     With the approval of the parties, the Administrator may send out

26  additional notices to class members (such as in the form of public service announcements, bus

27  posters, etc.).

28          13.     The different versions of the Class Claim Forms attached as Exhibit "E"

1  shall accompany all mail or hand delivered copies of the Notice, as relevant to the particular

2  person. Class Claim Forms shall be sent to potential class members based on a determination of

3  the class or classes of which they may be members, using a common Class Notice of general

4  application.

5         14.    Without repeating them in this Stipulated Order, the substantive provisions

6  of Exhibits "A" through "E" are incorporated by this reference, and deemed part of this

7  Stipulated Order.

8         15.    The costs of publication, reproduction, and notice and all other class

9  administrative costs shall be paid exclusively out of the Class Fund. The procedure for when

10  funds are transferred from a County account set aside for the Class Fund to an account operated

11  by the Administrator shall be determined by the Administrator in consultation with the parties.

12  The expenditure of any class administrative funds shall not be reimbursable to the County in the

13  event this settlement is not approved, or in the event that the Defendants withdraw from the

14  settlement due to the number of opt-outs, but in such event all remaining funds paid into the

15  Class Fund (and interest earned, if any) will revert to the County.

16         16.    In the event of approval of the settlement by the Court at the conclusion of

17  the fairness hearing, following notice and hearing, a final Order shall be entered approving the

18  settlement, adjudging the terms thereof to be adequate, proper, fair, and reasonable, and directing

19  consummation of the settlement in accordance with its terms and provisions, including dismissal

20  of the Complaints on the merits with prejudice and without additional costs or attorney's fees to

21  any party to this Stipulated Order.

22         17.    Defendants shall pay a total of $21,500,000 into a Class Fund, the

23  distribution of which is addressed further on in this Order. Class Counsel may seek Class Fund

24  Attorney's Fees not to exceed twenty-five percent (25%) of and from the Class Fund.[1]

25

26  [1] Class Fund Attorney's Fees are separate from the $5.5 Million in attorney's fees and costs to be paid by Defendants under the separate Injunctive Relief Agreement (not part of the class settlement), which Agreement is referenced elsewhere in this Stipulation. Plaintiffs wish to advise the court that the Class Notice presently refers only to the

27  existence of these separate attorney's fees and not the amount. They seek guidance from the Court regarding whether a reference identifying the amount should be included. For the Court's reference, the Plaintiffs will present evidence

28  to the Court at the time of the Class Fund Attorney's Fees Motion that their lodestar will be nearly $4,000,000 by the completion of the class approval process, that the reasonable expectation in the Los Angeles legal community for return on successful contingent fee cases is two to three times the lodestar or more, and that California law (and

7

**STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES**

1    18. Payments of the $21,500,000 referred to in ¶ 17 under the proposed

2 Settlement shall be made on the following terms and schedule:

3   a) $500,000 on September 1, 2001 (to fund class administration as needed after the

4     court has approved this Stipulated Order) (Distribution 1). This money is being

5     held by the County and is to bear interest until it is distributed.

6   b) $9,000,000 on September 1, 2001. This money is being held by the County and is

7     to bear interest until it is distributed. Of this $9,000,000, no more than $750,000

8     will be for the Named Plaintiffs' Distribution. It will be distributed according to

9     the agreements between Class Counsel and the Named Plaintiffs. (No attorney's

10     fees or costs will be taken from this distribution.)  In the event this entire sum is

11     not apportioned among the Named Plaintiffs, any remainder will be remitted to

12     the *Cy Pres* Fund.

13     &#9670; The remainder will be distributed to the classes as set forth in ¶¶ 19-23, *infra*.

14     (Distribution 2)

15   c) $9,000,000 on September 1, 2002. This money will be held by the County and

16     will bear interest until it is distributed. Of this payment, one-half (1/2) of any

17     Class Fund Attorney's Fees awarded by the Court due Class Counsel will be paid.

18     The remainder will be distributed to Plaintiffs under the standards contained in ¶¶

19     19-23, *infra*. (Distribution 3)

20   d) $3,000,000 on September 1, 2003. Of this payment, one-half (1/2) of any Class

21     Fund Attorney's Fees awarded by the Court due Class Counsel will be paid. The

22     remainder will be distributed to Plaintiffs under the standards contained in ¶¶ 19-

23     23, *infra*. (Distribution 4)

24   e) The installment payments in subparts b) through d) shall only be paid if the

25     settlement is approved.

26     19. The standard used to determine overdetention points under this settlement

27 is based on the Class Definitions contained in Exhibit "B."

28

---

20.     The portion of the Class Fund to be distributed individually to class members shall be based on a point system, as follows:

- overdetention day 1 = 1 point;

- overdetention days 2-3 = 2 points total;

- overdetention days 4-5 = 3 points total;

- overdetention days 6-7 = 4 points total;

- overdetention over one week = 5 points total;

- first visual body cavity search = 3 points;

- each subsequent visual body cavity search = 2 points;

- member of Wrong Warrant Class = 2 points.

Except for the visual body cavity search points, each Plaintiff's points will be based on the information obtained from the LASD's computerized records, and no other source. The total points will be divided into the available funds, so that a value per point will be determined. Each Plaintiff will receive the value of his or her points. (Thus, for example, a Plaintiff subjected to a visual body cavity search and detained two days will receive 5 points; if there were $13,000,000 to distribute to the Plaintiffs separate from the *Cy Pres* Distribution, and a total of 50,000 points, then each point would be worth $260 per point; a Plaintiff who received five points would receive $1,300.) Address, telephone, Social Security number, date of birth, California ID and driver's license information, to the extent available, shall be provided by the LASD to the Administrator in computerized form to facilitate the location of potential class members.

21.     Of the $21,500,000 Class Fund due to the classes under this Stipulated Order, as set forth in ¶¶ 18-19, *supra*, a portion, as further defined in this paragraph and ¶ 22 *infra*, will be placed in a *Cy Pres* Fund as an allocation for absent class members. These funds will be allocated in Distributions 3 and 4. The *Cy Pres* Fund will be used to fund costs to monitor implementation of certain policy changes adopted by the LASD to eliminate the problems of over-detentions, strip/body cavity searches and wrong warrants, and to fund programs serving the population at-risk of incarceration in the Los Angles County Jail. *Cy Pres* Funds will first pay

reasonable fee.

STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES

1    monitoring costs, specifically to pay Class Counsel to monitor the LASD implementation of its

2    policy changes. Lead Class Counsel Barry Litt and John Burton will fulfill this task, with Class

3    Counsel Robert Mann as back-up. Compensation will be at their then current hourly rates. In no

4    event shall monitoring fees and costs exceed $100,000.  Two-thirds (2/3) of the remaining *Cy*

5    *Pres* Fund s shall go to Los Angeles County Sheriff's Department Inmate programs and one-third

6    (1/3) shall go to community based organizations serving populations at risk of incarceration, to

7    be mutually agreed to by Class Counsel and the Los Angeles County Sheriff, through a process to

8    be agreed upon between them, and with the approval of the Los Angeles County Board of

9    Supervisors. However, no *Cy Pres* Funds shall be distributed until all Plaintiffs due funds under

10   this Settlement have been paid or reserved. All class fund claims for which checks are written,

11   sent and not cashed within six months of the date the check was issued shall revert from the

12   individual claimant and be added to the *Cy Pres* Fund. All interest earned on the Class Fund shall

13   be used first for administrative costs and then shall be added to the *Cy Pres* Distribution.

14           22.     If the total points are 60,000 or less, then the *Cy Pres* Fund will be

15   $3,000,000. Various point increases thereafter will reduce the *Cy Pres* Fund in $100,000

16   increments, but in no event will it go below $2,000,000. The progression will be as follows:

17           • 60,001-70,000 points = *Cy Pres* Fund of $2,900,000

18           • 70,001-80,000 points = *Cy Pres* Fund of $2,800,000

19           • 80,001-90,000 points = *Cy Pres* Fund of $2,700,000

20           • 90,001-110,000 points = *Cy Pres* Fund of $2,600,000

21           • 110,001-130,000 points = *Cy Pres* Fund of $2,500,000

22           • 130,001-150,000 points = *Cy Pres* Fund of $2,400,000

23           • 150,001-170,000 points = *Cy Pres* Fund of $2,300,000

24           • 170,001-190,000 points = *Cy Pres* Fund of $2,200,000

25           • 190,001-210,000 points = *Cy Pres* Fund of $2,100,000

26           • 210,001 points or more = *Cy Pres* Fund of $2,000,000

27           23.     Despite the earlier provisions of this Order, no Plaintiff not listed in

28   Exhibit "D" shall receive more than 10 points, or receive more than $5,000, under this Order,

10

STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES

1  even if s/he would otherwise be entitled to do so under the standards contained above. Further,

2  no Plaintiff shall receive less than $50, even if s/he would not be entitled to receive that amount

3  under the standards contained above, except in the unlikely event that the number of claimants is

4  so large that there is not sufficient funds in the Class Distribution to pay each claimant $50, in

5  which case the amount will be reduced pro rata. (The parties' calculation indicates that the class

6  size would have to be 275,000, and the return rate would have to be around 100%, for this to be

7  an issue.)

8         24.    All funds due under this Settlement shall be paid into a special trust or

9  class settlement account established by the Administrator, or a temporary special County

10  account, and shall be distributed from there pursuant to the terms of this settlement agreement.

11  Interest earned from any such accounts is part of the Class Fund.  In the event any monies from

12  the Class Fund remain after the payment of (a) the Named Plaintiffs' Distribution; (b) the claims

13  submitted by the Plaintiffs; (c) the Class Fund Attorney's Fees; (d) the costs of the

14  Administrator; and (e) the *Cy Pres* Fund has been fully funded, then any remaining monies shall

15  revert to the County of Los Angeles.

16         25.    All Distributions called for under this Stipulated Order shall be paid into

17  the Class Fund on the dates set forth in ¶ 18 of this Order, shall be allocated based on the

18  allocation system contained in ¶¶ 19-23 of this Order, but shall be actually distributed only as

19  provided in ¶¶ 26-28 of this Order.

20         26.    Distributions under this Stipulated Order shall only be disbursed as

21  provided in this and the following paragraph. If there is no objection filed by any class member

22  to the settlement, or any objection which has been filed has been withdrawn, then the funds will

23  be subject to immediate distribution because this Order will be a final non-appealable order. If

24  there is an objection to the settlement which is not withdrawn, then no funds shall be distributed

25  until the time for appeal has run on that objection and no appeal has been filed, or an appeal has

26  been filed and finally disposed of. During the intervening period, the funds shall be maintained in

27  an appropriate interest bearing account as agreed to by the parties in consultation with the

28  Administrator. However, if the appeal would only affect a portion of the Class Fund, then the

1 unaffected portion shall be distributed, as shall any Class Fund Attorney's Fees awarded for the

2 unaffected part.

3       27.    If there is no objection filed by any class member to the award of Class

4 Fund Attorney's Fees, or any objection which has been filed has been withdrawn, then the Class

5 Fund Attorney's Fees will be subject to immediate distribution because this order will be a final

6 non-appealable order. If there is an objection that is filed and appealed, then the provisions of the

7 preceding paragraph apply to the distribution of any Class Fund Attorney's Fees awarded. If there

8 is no objection filed and appealed to the settlement, but there is an objection to the award of

9 Class Fund Attorney's Fees which is not withdrawn, then the challenged portion of those funds

10 shall not be distributed until the time for appeal has run on that objection and no appeal has been

11 filed, or an appeal has been filed and finally disposed of. If there is an objection filed and

12 appealed to the award of Class Fund Attorney's Fees, then those fees affected by the appeal shall

13 not be distributed, and those unaffected by the appeal shall be distributed. During the period of

14 any appeal, any undistributed funds shall be maintained in an appropriate interest bearing

15 account.

16       28.    If no final order approving the class and the settlement is entered, then any

17 funds not paid or expended under the provisions of this Agreement, and held in any account

18 established pursuant to this Agreement, shall be returned to the Defendants.

19       29.    After entry of a final non-appealable order confirming settlement, an Order

20 of Dismissal with prejudice shall be entered in the Complaints.

21       30.    Class Counsel, Defendants and Defendants' counsel will use their best

22 efforts to secure the Court's approval of the settlement herein.

23       31.    Class counsel will not, either directly or indirectly, represent anyone who

24 opts out of the class prior to the time that the class settlement is finally approved and all

25 distributions under it are made, including during any appeal that may occur in the event of

26 approval by the trial court and a subsequent appeal. During this time, in the event that Class

27 Counsel is asked to represent any person opting out of the class, s/he will respond to the effect

28 that it is a conflict of interest to represent a person opting out of the case since his or her

<center>12</center>

**STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES**

**STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES**

1   responsibility is to do everything ethically permitted to obtain class certification, opt outs are

2   contrary to the objective of class certification, and the individual will thus have to seek other

3   counsel if s/he chooses to opt out of the class. No suggestion shall be made that the Class

4   Counsel may be able to represent that individual at a later time.

5          32.   At the hearing on the Order Approving Settlement and Releasing All

6   Claims, Class Counsel will apply to the Court for an award of attorney's fees and expenses under

7   the Class Fund Attorneys' Fee doctrine.

8          33.   The existence, terms and provisions of this Stipulated Order and of all

9   other settlement documents are not, and shall not be construed or contended to be, either an

10  admission by any of the Defendants of the validity of any of the claims asserted in any of the

11  Complaints, or any of their liability for any claim or of any wrongdoing whatsoever. Any

12  statements or arguments made on behalf of any Plaintiff or any Defendant in connection with, or

13  at the settlement hearing on, or in support of the settlement, shall not be used as evidence or

14  *otherwise, in any way, in any subsequent trial, proceeding or hearing either in this action or in*

15  any other action or proceeding, should such occur.

16         34.   If the settlement is not finally approved by the Court, then this Stipulated

17  Order, and all proceedings thereunder, shall be considered of no force or effect, except as

18  expressly indicated otherwise above.

19         35.   This Stipulated Order may be executed in counterparts, a copy of each of

20  which counterparts shall be circulated to all other parties to this Stipulated Order for signature.

21  When all signatures have been obtained, counsel for the class shall assemble and copy one

22  complete agreement bearing the original signatures of all of the parties, circulate complete copies

23  to counsel for each Defendant and file the original in the Court file, and each such copy delivered

24  to counsel for Defendants shall be considered to be an original.

25

26

27

28

STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES

1

2

3                                              LITT & ASSOCIATES
                                               A LAW CORPORATION
4      DATED: _May 7_, 2002.
5                                              By: _____
                                                   Barrett S. Litt
6                                                  Lead Counsel for Plaintiffs

7                                              FRANSCELL, STRICKLAND,
                                               ROBERTS & LAWRENCE
8      DATED: _May 7_, 2002.
9                                              By: _Paul B. Beach (PBL)_
                                                   David D. Lawrence
10                                                 Paul B. Beach
                                                   Lead Counsel for Defendants

11
                                **ORDER**
12
        GOOD CAUSE APPEARING, IT IS SO ORDERED.
13

14     DATED: _May 9, 2002_       _Carla M. Woehrle_
15
                                        United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

---

14

**STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES**

1   EXHIBIT A – List Of Cases Encompassed By Settlement

2   EXHIBIT B – Definitions Of The Three Classes

3   EXHIBIT C – Proposed Class Notice

4   EXHIBIT D – List of Persons Receiving Funds Under the Named Plaintiffs Distribution

5   EXHIBIT E – Proposed Claim Form

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION AND ORDER RE SETTLEMENT OF CLASS ACTION CASES**

# EXHIBIT "A"

## LOS ANGELES SUPERIOR COURT

| | |
|---|---|
| Jane Davey,  et al. <br><br> Plaintiffs <br> v. <br> Sheriff Sherman Block, et al. <br><br> Defendants. | Case No. BC 182579 <br> (Consolidated with Case No. <br> BC 204624) <br><br> Judge Ann Kough <br><br> Filed: 12/10/97 |
| Vartan Derkallessanian <br><br> Plaintiff <br><br> v. <br><br> County of Los Angeles, etc., et al. <br><br> Defendants. | |
| James E. Johnson, et al. <br><br> Plaintiffs <br><br> v. <br><br> County of Los Angeles, et al. <br><br> Defendants. | Case No. BC 213059 <br> Judge Ann Kough <br><br> Filed: 7/6/99 |
| Martha S. Riley, <br><br> Plaintiff <br><br> v. <br><br> County of Los Angeles, et al. <br><br> Defendants. | Case No. BC 239825 <br> Judge Ann Kough <br><br> Filed: 11/6/00 <br><br> NOT A CLASS ACTION <br><br> Related To BC 213059 |
| Valentin Landeros Sanchez, et al. <br><br> Plaintiffs <br><br> v. <br><br> County of Los Angeles, et al. <br><br> Defendants | Case No. BC 231187 <br> Judge Gregory Alarcon <br><br> Filed: 6/5/00 |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Munique Williams, et al.<br><br>　　　　　　　Plaintiffs<br><br>　　　　v.<br><br>Sheriff Sherman Block, et al.<br><br>　　　　　　　Defendants | Case No. CV-97-03826-WJR<br>Judge William J. Rea<br><br>Filed:  4/22/97 (State Court) |
| Randall Cleaves, et al.<br><br>　　　　　　　Plaintiffs<br><br>　　　　v.<br><br>County of Los Angeles, et al.<br><br>　　　　　　　Defendants | Case No. CV-98-09573-WJR<br>Judge William J. Rea<br><br>Filed:  11/30/98 |
| Valerie Ann Streit, et al.<br><br>　　　　　　　Plaintiffs<br><br>　　　　v.<br><br>County of Los Angeles, et al.<br><br>　　　　　　　Defendants | Case No. CV-98-09575-WJR<br>Judge William J. Rea<br><br>Filed:  11/30/98 |
| Samuel Gladney, et al.<br><br>　　　　　　　Plaintiff<br><br>　　　　v.<br><br>County of Los Angeles, et al.<br><br>　　　　　　　Defendants | Case No. CV-99-00586-WJR<br>Judge William J. Rea<br><br>Filed:  1/21/99 |
| Leellen Patchen, et al.<br><br>　　　　　　　Plaintiffs<br><br>　　　　v.<br><br>County of Los Angeles, et al.<br><br>　　　　　　　Defendants | Case No. CV-98-09574-WJR<br>Judge William J. Rea<br><br>Filed:  11/30/98 |

EXHIBIT A

| | |
|---|---|
| Eddie Shields,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>County of Los Angeles, et al.<br><br>　　　　　　Defendants | Case No. CV-98-09695-WJR<br>Judge William J. Rea<br><br>Filed: 12/3/98 |
| Pedro Canizales,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>Sheriff Sherman Block, et al.<br><br>　　　　　　Defendants | Case No. No. CV-98-2475-WJR<br>Judge William J. Rea<br><br>Filed: 4/3/98 |
| John B. Fairley,<br><br>　　　　　　Plaintiffs<br><br>　　v.<br><br>Sheriff Sherman Block, et al.<br><br>　　　　　　Defendants | Case No. No. CV-98-03187-WJR<br>Judge William J. Rea<br><br>Filed: 4/27/98 |
| Sahag Tchakmakjian, et al.<br><br>　　　　　　Plaintiffs<br><br>　　v.<br><br>Sherman Block, et al.<br><br>　　　　　　Defendants | Case No. CV-98-9683-MRP<br>Judge Mariana R. Pfaelzer<br><br>Filed: 12/2/98 |

EXHIBIT A

**CLASS DEFINITIONS [EXHIBIT B TO SETTLEMENT STIPULATION; EXHIBIT A TO ORDER RE RELEASE AND SETTLEMENT OF ALL CLAIMS]**

### Recitals

1.  The class definitions in this document apply to people who were held in the custody of the Los Angeles Sheriff's Department ("LASD") between April 23, 1996 and the date the Court preliminarily approves the settlement, to wit _____.

2.  The identities of the class members shall be determined from the Los Angeles County Sheriff's Department's Historical Automated Justice Information System.

3.  Notwithstanding the class definitions in this document, excluded from each class is any person who has previously received compensation for the claims which are the subject of this settlement or who has filed suit against the County of Los Angles and/or its agents and whose claim has been adjudicated against him or her.

### Class Definitions

## I.    OVERDETENTION CLASS

People who were not subject to a hold and who were not timely released from jail in one or more of the following circumstances:

1.  People for whom there was no finding of probable cause by a judicial officer for their arrest and who were released more than 56 hours after they were arrested;

2.  People who were ordered released by a court and who were not released the same day;

3.  People who were not arraigned or released within the maximum time permitted by California Penal Code § 825. For people arrested on a Wednesday, in a week when neither the Wednesday nor the Friday was a holiday, this includes people who were not released by midnight on the Friday. Otherwise, for people arrested on or before 4:00 p.m. this includes people who were not released by midnight on the second court day following their arrest; and, for people arrested after 4:00 p.m. this includes people who were not released by midnight on the third court day following their arrest. A court day is a day when the court is in session and does not include Saturdays, Sundays or holidays;

4.  People who became entitled to be released, other than by a court order or because they had completed a jail sentence, and who were not released within 8 hours of the time at which the Los Angeles Sheriff's Department entered the release information in its computer system;

5.  People who were held in jail to serve a jail sentence and who were not released by midnight on the day their sentence expired; or

6.  People who had holds which were not cancelled before they otherwise became entitled to release and who were not released within 8 hours after the hold cancellation date and time in the LASD computer system.

## II.    STRIP AND VISUAL BODY CAVITY SEARCH CLASS

People who were transported from a courthouse to jail to be processed for release, and who were subjected to a strip search or a visual body cavity search at the jail after return from court.

## III.    WRONG WARRANT CLASS

People who were improperly held in custody on a warrant for another person.

**If you were booked in the Los Angeles County Jail**
and held too long after you were entitled to be released
between April 23, 1996 and December 31, 2001,
**You may be entitled to MONEY.**

There is presently pending a class action lawsuit in the United States District Court, Central District Of California.  The Court has certified the case as a class action.  If the case receives final approval, people held in County Jail and who were detained after they were entitled to be released, will receive money.  People who were held on a warrant for another person or who were subjected to a strip or visual body cavity search after they were entitled to be released are also eligible to receive money.

County Jail records show that **you were held too long** after you were to be released, and/or **you were held on a warrant for another person** and/or **you may have been subjected to a strip or visual body cavity search** after you were entitled to be released. Therefore, **you may be eligible to receive MONEY**.  To receive any money in this pending settlement, **you must fill out and mail a Claim Form**.

**Your Claim Form must be received no later than September 20, 2002.**
For more information, please read the enclosed Notice.

**If You Wish to Claim Money,**
**Fill out and Mail the Enclosed Claim Form Today.**

If you receive more than one claim form, sign and submit <u>all</u> claim forms you receive.

---

1

Notice of Pendency and Settlement of Class Action

TO:    ANY PERSON WHO 1) WAS NOT RELEASED FROM LOS ANGELES COUNTY JAIL
WITHIN EIGHT HOURS AFTER BECOMING ENTITLED TO BE RELEASED OR MIDNIGHT
AFTER A COURT RETURN WITH A RIGHT TO RELEASE; AND/OR 2) WAS ENTITLED TO
RELEASE AFTER GOING TO COURT, RETURNED TO JAIL AND STRIP OR VISUAL BODY
CAVITY SEARCHED; AND/OR 3) WAS ARRESTED AND HELD ON A WARRANT FOR
ANOTHER PERSON AND NOT RELEASED WITHIN A REASONABLE TIME:

<div align="center">

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**
**YOU MAY BE ENTITLED TO RECEIVE MONEY.**

</div>

There is now pending before the Honorable Carla Woehrle, Magistrate Judge in the United States District
Court, Central District of California, a consolidated class action lawsuit involving three classes. You may be a
member of one or more of these classes and entitled to receive money if, between April 23, 1996 and
December 31, 2001, you were: 1) "overdetained" by the Los Angeles County Sheriff's Department ("LASD"),
because you were not released from custody within eight hours after you became entitled to be released, or
midnight of the day you were returned from court and entitled to release; and/or 2) you became entitled to release
after being taken to a courthouse and were then returned to jail and subjected to a strip and/or visual body cavity
search (i.e., required to undress and expose your intimate body parts to a visual inspection) before being
released); and/or 3) were arrested on a warrant that was intended for a person other than yourself and not released
within a reasonable time after it should have been determined that you were not the person sought under the
warrant.

You have received this Notice either because, based upon the LASD's computer records, 1) you may meet
the criteria for a class member, or 2) you contacted the Class Administrator in response to advertisements you
have seen and believe you may meet the standards for class membership. Whether or not you qualify as a class
member will be based upon the records of the LASD and, if those records do not contain your name and show
you to be within one of the class definitions, then you will not qualify.

This Notice is to inform you of a proposed settlement in this action and that, as a potential member of the
class, your rights may be affected by the settlement. This Notice also summarizes the terms and effect of the
proposed settlement, what you can do to participate in it, how you can obtain money under the settlement and
what you must do if you choose not to become a class member.

<div align="center">

**SUMMARY OF PROPOSED SETTLEMENT TERMS**

</div>

A Settlement Agreement ("Settlement") was entered into after several months of intensive negotiations
between the parties, conducted with the assistance of a neutral third party mediator. The parties are requesting
that the Court approve the Settlement under *Federal Rule of Civil Procedure* 23.

**A.  Parties to the Settlement.**

The parties to the Settlement are the Plaintiffs named in *Williams v. Block*, Case No. CV-97-03826-CW
(Central District of California), as well as the Plaintiffs named in several related cases, pending in both state and
federal court, on behalf of themselves and the Settlement Class, and various defendants, including the County of
Los Angeles, which includes, but is not limited to, the LASD. Class counsel includes Barrett S. Litt and Paul J.
Estuar of Litt & Associates; John Burton; Timothy J. Midgley; Robert Mann; Donald W. Cook; Adam Axelrad;
Mary Anna Henley and Robert Moest. The Class Administrator who will administer the class notice and class
fund pursuant to the terms of the Settlement is Rosenthal & Co.

**B.  Defendants Do Not Admit Any Liability.**

Plaintiffs allege that the acts and/or omissions which are the subject of the claims covered by these actions
(the overdetention, strip/visual body cavity search and wrong warrant claims) violated various state and federal
laws. Defendants deny all allegations of wrongdoing, and deny any liability to Plaintiffs or any other class
members. The parties have agreed that, in order to avoid long and costly litigation, this controversy should be
settled pursuant to the terms of the Settlement as described in this Notice, subject to the approval of the Court.

**C.  Monetary Terms of the Settlement.**

1.   The Class Fund and Related Expenses.

Defendants shall pay a total of $21,500,000 under the Settlement into an account which shall hereafter be
referred to as the Class Fund.

Class Counsel shall seek an award of no more than 25% percent of the Class Fund as attorney's fees and
costs for recovering the Class Fund for the class members. (These fees will be in addition to $5,500,000 in fees
paid them separately from the Class Fund for bringing about changes in LASD policies.)

<div align="center">

2

</div>

All costs, attorney's fees and expenses of the Settlement and of its administration shall be taken out of the Class Fund.

2. Money to the Individual Plaintiffs in the Consolidated Case.

Under the terms of the Settlement, the approximately 64 individually named plaintiffs and related individuals represented by Class Counsel who had not yet been designated as named plaintiffs in these cases, will receive a total of no more than $750,000 among them, and any part of this amount not apportioned to the Named Plaintiffs shall be remitted to the Cy Pres Fund. These plaintiffs will receive more under the Settlement than other class members because of the role that they played in the litigation, and because of individualized damages determinations made in their cases.

3. Payments to Class Members Who File Claims.

Money for the class shall be divided among the class based on a point system. (The range is one point for one day of overdetention to five points for overdetention of over one week; a strip or visual body cavity search receives three points; a wrong warrant detention receives two points.) The points shall be totaled and then divided among all those who have filed claims to determine how much of the Class Fund should be paid to each claimant. There is a maximum amount of $5,000 that each class member can receive from the Class Fund. There is no way to know how many class members will file claims and, therefore, no way to absolutely know how much an individual claimant will receive from the Class Fund. However, the parties anticipate that no claimant will receive less than $50.

Assuming the settlement is approved by the Court in October 2002, and the final approval is effective in 2002, the Class Fund will likely all be distributed in early 2003.

4. Payments to Class Members Who Do Not File Claims.

Experience shows that many class members will not file claims for any of a number of reasons. A portion of the Class Fund will thus go to benefit absent class members (i.e., those not filing claims) by establishing a fund to monitor the LASD policy changes in the areas of overdetention, strip/visual body cavity searches and wrong warrant procedures, and to give money to programs and organizations that serve the interests of persons who are likely to spend time in jail. Between $2,000,000 and $3,000,000 of the Class Fund shall go for this purpose, depending on the number of claims filed. (The fewer the claims, the greater the share that goes to the fund for absent class members.)

**D. _Your Options as a Class Member._**

1. Be Bound by, and Participate in, the Settlement.

If you wish to receive money from the Settlement, you must complete and submit the accompanying Claim Form. Read the instructions on the Claim Form carefully. All Claim Forms must be completed and postmarked by no later than September 20, 2002, but it is recommended that you complete and mail your Claim Form as soon as possible. If you do not timely and properly submit your Claim Form, you will not receive any money from the Settlement. If you need a copy of a Claim Form, please call 1-866-461-1840 (toll free), or write to the Class Administrator at Williams v. L.A. County Settlement, P.O. Box 6177, Novato, CA 94948-6177, or visit the Internet website at www.LAJailClassAction.com. If you submit a Claim Form, you will be bound by the Settlement and will receive money. If you do not submit a Claim Form but do not exclude yourself from the class (as explained in the next paragraph), you will still be bound by the terms of the Settlement and any dismissal entered in this consolidated case, but will **not** receive money.

By participating in the Settlement, you will be waiving your rights to all claims as of December 31, 2001, related to overdetentions, strip/visual body cavity searches and wrong warrant detentions by the LASD, even those you are not aware of at present. This waiver will include a waiver of the provisions of California Civil Code § 1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." By participating, you will be giving up unsuspected claims in these three areas.

2. Exclude Yourself From the Class.

You may exclude yourself from the class by filing an exclusion (also called an opt-out) with the Class Administrator at Williams v. L.A. County Settlement, P.O. Box 6177, Novato, CA 94948-6177. Any exclusion must be received by the Class Administrator by no later than September 20, 2002. Your exclusion may be made on a form available from the Class Administrator, or by sending an appropriate letter to the Class Administrator at the foregoing address. Your exclusion form or letter should provide your name, current address, current telephone number, date of birth, social security number, California Identification Number, California (or other)

Driver's License Number, date(s) in jail and booking number(s), to the extent you know them, and state that you wish to exclude yourself from the class.

If you exclude yourself from the class, you will not share in the Settlement. In turn, you will not be bound by the Settlement and dismissal, you may pursue any claim by filing an individual lawsuit, and you may seek to intervene in the lawsuit as an individual plaintiff at your own expense. There are time limits to pursue your individual claims, and you should seek the advice of counsel immediately to avoid losing your ability to pursue your individual claims if you exclude yourself.

### E.  Fairness Hearing and Process for Objections.

A fairness hearing will be held on October 28, 2002, at 9:00 a.m., before United States Magistrate Judge Carla Woehrle in Courtroom 640 in the United States District Court, Central District of California, 255 East Temple Street, Los Angeles, CA 90012. The purpose of the fairness hearing is to determine whether the Settlement is adequate, fair, reasonable, equitable and just, and should be approved by the Court. This hearing will determine if the Court approves the Settlement and will be your only opportunity to provide your views to the Court regarding whether or not the Settlement should be approved. This will also be your only opportunity to object to the requested attorney's fees and costs, the motion for which will be filed no later than August 5, 2002. The Court may adjourn the hearing by an announcement at the hearing, or at any adjournment thereof, without further notice.

At the hearing on the proposed Settlement, the Court may schedule further hearings without further notice to the class. The matters considered at such future hearings may include, but shall not be limited to, further consideration of the fairness and adequacy of the proposed Settlement, the determination of the Settlement of individual claims filed by class members, consideration of the motion for attorneys' fees and costs of Class Counsel, and the form and entry of the final judgment of dismissal in the event the proposed Settlement is approved by the Court.

Individually, or through counsel, any class member has the right to object to the proposed Settlement as a whole, to the motion for attorneys' fees and costs of Class Counsel, or to any portion of either. ANY SUCH OBJECTIONS MUST BE FILED IN WRITING ON OR BEFORE SEPTEMBER 20, 2002, IN THE UNITED STATES DISTRICT COURT INDICATED ABOVE, LOCATED AT 255 EAST TEMPLE STREET, LOS ANGELES, CA, 90012, ROOM 181-L, ATTN: CLERK, RE: WILLIAMS V. L.A. COUNTY SETTLEMENT, CASE NO. CV 97-03286-CW. If you wish to appear and present your objections at the fairness hearing, you *must also submit a Notice of Intention to Appear that identifies the case, contains your name and address, and* explains the reason the appearance is desired. The Notice of Intention to Appear and any objections must be filed with the Court on or before September 20, 2002. You may be represented by your own attorney. If you are to be represented by an attorney at the hearing, his or her name, address and telephone number must be included in the Notice of Intention to Appear as well.

A copy of the Statement of Objection and/or Notice of Intention to Appear must also be mailed to the following:

Litt & Associates, 3435 Wilshire Boulevard, Suite 1100, Los Angeles, CA  90010, attn: Julia White (Class Counsel), and to Franscell, Strickland, Roberts & Lawrence, 100 W. Broadway, Suite 1200, Glendale, CA 91210, attn: David Lawrence, Paul Beach (Defendants' Counsel).

### F.  How to Obtain Further Information.

For additional information regarding the Settlement and Claim Form, or a copy of the Settlement Agreement, Claim Form or Class Counsel's Motion for Attorney's Fees, you or your counsel should contact:

Williams v. L.A. County Settlement, P.O. Box 6177, Novato, CA 94948-6177.

You may also check the Class Administrator's web site at  http://www.LAJailClassAction.com, or the website of Litt & Associates, http://www.litt-assoc.com/od-ss, both of which will contain copies of the Settlement Agreement, Claim Form and Class Counsel's Motion for Attorney's Fees (after it is filed). Only the Class Administrator's website is official, as they are responsible for processing all claim forms.

You may obtain detailed information about the case by examining the court file located in the office of the Clerk of the United States District Court, 255 East Temple Street, Room 181-L, Los Angeles, CA 90012.

### G.  Court Approval.

Although the Court has reviewed the proposed Settlement, no decision has been, or will be, reached by the Court, until the Fairness Hearing. This Notice does not indicate that the Court has yet approved the Settlement.

/s/ Carla Woehrle
United States Magistrate Judge

## AMENDED NAMED PLAINTIFFS' LIST

| Name | Case |
|------|------|
| Acosta, Rene | None |
| Allen, Renea | None |
| Austin, Sherman | None |
| Bolderoff, Dunya | *Tchakmakjian* |
| Borrup, Margo | *Williams* |
| Britt, Loretha | *Canizales* |
| Caldwell, Janis | None |
| Campos, Luis | *Campos* |
| Canizales, Pedro | *Canizales* |
| Carillo, Alfred | *Cleaves & Tchakmakjian* |
| Carranza, Moses | *Williams* |
| Cleaves, Randall | *Cleaves & Tchakmakjian* |
| Cooper, Quinton | *Williams* |
| Courie, April | *Williams* |
| Davey, Jane | *Davey* |
| Davis, Sylvia Ann | None |
| Derkallessanian, Vartan | *Derkalles* |
| Dickey, Jr., Robert | None |
| Estrada, Lorraine | *Estrada* |
| Fairley, John | *Fairley* |
| Fernald, Gregory | None |
| Fricks, Master | *Davey* |
| Gant, Kelvin | None |
| Garcia, Yesenia | None |
| Gladney, Samuel | *Gladney* |
| Glover, Deborah | *Tchakmakjian* |
| Hardin, Doug | None |
| Henry, Victor | *Henry* |
| Hernandez, Raul | None |
| Herrera, David | None |
| Ho Sin | *Ho Sin* |
| Huerta, Pedro | *Davey* |
| Johnson, James | *Johnson* |
| Johnson, Tishon | *Johnson T* |
| Jones, Lawanda | None |
| Landeros, Valentin | *Sanchez* |
| Lopez, Saul | *Davey* |
| Mitchell, Eric | *Williams* |
| Newson, Jacqueline | *Johnson* |
| Olano, Marisol* | None |
| Overton, Jerome* | None |
| Owens, Frederick | *Sanchez* |
| Patchen, Leellen | *Patchen* |
| Patton, Jock | None |
| Perez-Torres, Lenin Freud | None |
| Pittman, Patrick James | *Sanchez* |
| Price, Eric | *Sanchez* |
| Ramirez, Diane | *Williams* |
| Ross, Homer | None |

| Name | Case |
|------|------|
| Salvo, Gaetano Dan | *Salvo* |
| Sanchez, Laura | None |
| Santillana, Diego | *Strett* |
| Schrek, Kerry | *Schrek* |
| Sellers, Ruby** | *Williams* |
| Sheffield, Linda | None |
| Shields, Eddie | *Shields* |
| Solis, Marlene | *Solis* |
| Tchakmakjian, Issac | *Tchakmakjian* |
| Teitelbaum, Sol | Teitelbaum |
| Thome, Lisa | None |
| Villalobos, Miguel | None |
| Watson, Lennard | *Davey* |
| White, Michael | *Williams* |
| Williams, Charles | *Patchen* |
| Yousif, Heather | *Williams* |
| Total:  65 | |

\* - These are newly added named plaintiffs inadvertently omitted from the list of named plaintiffs existing at the time that the settlement agreement was originally signed but contemplated by plaintiffs' counsel to be included within the $750,000 Named Plaintiffs Distribution because they were part of the group that was to be covered (i.e., all individuals represented by plaintiffs' counsel were to be accounted for).

\*\* - This is an individual who has not signed onto the settlement agreement, and it is unclear whether she will do so since plaintiffs' counsel are having difficulty communicating with her. Plaintiffs' counsel will keep the court informed.



Williams v. County of Los Angeles
Class Administrator
P.O. Box 6177
Novato, CA 94948-6177

## CLASS ACTION CLAIM FORM

**Complete, sign and submit all Claim Forms you receive (even if you receive more than one).**

<Barcode>   Claim #: LAD-<Claim>-<CD>   <MailRec>          Please enter address changes below:

<First1> <Last1>                                    _____
<Addr1> <Addr2>                                     _____
<City>, <St> <Zip>                                  _____
<Country>                                           _____

You must return this Claim Form so that it is mailed with a postmark NO LATER THAN **SEPTEMBER 20, 2002** in order to return to share in the Settlement Fund. DO NOT DELAY. IF YOU DO NOT RETURN THIS FORM BY THEN, YOU WILL RECEIVE NO MONEY FROM THIS SETTLEMENT.

I wish to make a claim against the County of Los Angeles because at any time between April 23, 1996 and December 31, 2001, I was either: (1) held too long in the L. A. County Jail after I was entitled to go, and/or (2) held on a warrant for another person. I understand my entitlement is determined solely by the records of the Los Angeles Sheriff's Department. I understand this form must be mailed with a postmark NO LATER THAN SEPTEMBER 20, 2002

Please enter all information requested below:

Telephone #. (_____) _____   Date of Birth (mm/dd/yy): <DOB>
              area code

Social Security Number (SSN) or IRS Individual Taxpayer Identification Number (ITIN). _____
(If you do not enter your SSN or ITIN, then your signature on this claim form does not cover the Substitute IRS Form W-9 below, and 30% of the money for your claim will be withheld for Federal income taxes and 7% will be withheld for California state income taxes.)

Other Names or Aliases you have used between April 23, 1996 and December 31, 2001: _____
_____

In the chart below, all information is from Los Angeles County Sheriff's Department records.

| Booking # | Date of Arrest | Date of Release | # of Days Over-detained | Held on a Warrant for Another Person (Yes/No) |
|---|---|---|---|---|
| <BookNum1> | <ArrDate1> | <RelDt1> | <Days_Old1> | <WDEF1> |
| <BookNum2> | <ArrDate2> | <RelDt2> | <Days_Old2> | <WDEF2> |
| <BookNum3> | <ArrDate3> | <RelDt3> | <Days_Old3> | <WDEF3> |
| <BookNum4> | <ArrDate4> | <RelDt4> | <Days_Old4> | <WDEF4> |
| <BookNum5> | <ArrDate5> | <RelDt5> | <Days_Old5> | <WDEF5> |
| <BookNum6> | <ArrDate6> | <RelDt6> | <Days_Old6> | <WDEF6> |
| <BookNum7> | <ArrDate7> | <RelDt7> | <Days_Old7> | <WDEF7> |
| <BookNum8> | <ArrDate8> | <RelDt8> | <Days_Old8> | <WDEF8> |
| <BookNum9> | <ArrDate9> | <RelDt9> | <Days_Old9> | <WDEF9> |

---

**Substitute IRS Form W-9**

1. The social security number entered above is my correct Taxpayer Identification Number; and

2. I am NOT subject to backup withholding because **(a)** I am exempt from backup withholding, or **(b)** I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or **(c)** the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

   NOTE. If you have been notified by the IRS that you are currently subject to backup withholding, you must cross out item 2 in this Substitute IRS Form W-9.

**The IRS does not require your consent to any provision of this document other than the certification required to avoid backup withholding.**

---

**YES, I QUALIFY AND WISH TO MAKE A CLAIM AGAINST THE COUNTY OF LOS ANGELES.**

By signing this form below, I am confirming that the above information is correct and that.

    1)   I am the person identified above,
    2)   I am over the age of 18,
    3)   I agree to abide by, and be limited to, the formula for damages approved by the court; and
    4)   I agree to keep the Class Administrator informed of my current address at all times.

I declare under penalty of perjury under the laws of the State of California that the information given above is true and correct.

Date _____          Signature: _____

The information given here is private, and will be held in strictest confidence. If you have any questions about this lawsuit, write to us at Williams v County of L.A. Class Administrator, P.O. Box 6177, Novato, CA 94948-6177 or contact us by e-mail at info@LAJailClassAction.com or visit our web site at www.LAJailClassAction .com.

**THIS CLAIM FORM MUST BE SIGNED AND RETURNED**
**WITH A POSTMARK NO LATER THAN SEPTEMBER 20, 2002.**

LADetPOCNoSS.doc

Williams v. County of Los Angeles
Class Administrator
P.O. Box 6177
Novato, CA 94948-6177

## CLASS ACTION CLAIM FORM

### Complete, sign and submit all Claim Forms you receive (even if you receive more than one).

&lt;Barcode&gt; Claim #. LAD-&lt;Claim&gt;-&lt;CD&gt;   &lt;MailRec&gt;      Please enter address changes below

&lt;First1&gt; &lt;Last1&gt;

&lt;Addr1&gt; &lt;Addr2&gt;

&lt;City&gt;, &lt;St&gt; &lt;Zip&gt;

&lt;Country&gt;

You must return this Claim Form so that it is mailed with a postmark NO LATER THAN **SEPTEMBER 20, 2002** in order to share in the Settlement Fund. DO NOT DELAY. IF YOU DO NOT RETURN THIS FORM BY THEN, YOU WILL RECEIVE NO MONEY FROM THIS SETTLEMENT.

I wish to make a claim against the County of Los Angeles because at any time between April 23, 1996 and December 31, 2001, I was either. (1) held too long in the L. A. County Jail after I was entitled to go, and/or (2) held on a warrant for another person; and/or (3) strip or visual body cavity searched on return to jail at a time when I was already entitled to immediate release. I understand my entitlement is determined solely by the records of the Los Angeles Sheriff's Department, and the information checked below. I understand this form must be mailed with a postmark NO LATER THAN SEPTEMBER 20, 2002.

Please enter all information requested below:

Telephone # (_____) _____   Date of Birth (mm/dd/yy). &lt;DOB&gt;
area code

Social Security Number (SSN) or IRS Individual Taxpayer Identification Number (ITIN). _____
(If you do not enter your SSN or ITIN, then your signature on this claim form does not cover the Substitute IRS Form W-9 below, and 30% of the money for your claim will be withheld for Federal income taxes and 7% will be withheld for California state income taxes )

Other Names or Aliases you have used between April 23, 1996 and December 31, 2001. _____

In the chart below, all columns except those relating to Strip or Visual Body Cavity Searches are from Los Angeles County Sheriff's Department records. Please check a "Yes" or "No" box relating to Strip or Visual Body Cavity Search(es). If you don't check a box for "Yes" or "No," your answer will be considered as "No." Note that you may not have been subjected to a strip or visual body cavity search for each booking on the list, so Yes/No check boxes appear only for the bookings in which you were potentially searched.

| Booking # | Date of Arrest | Date of Release | # of Days Over-detained | Held on a Warrant for Another Person (Yes/No) | Were You Subjected To A Strip or Visual Body Cavity Search After You Were Entitled to be Released? For each booking, Check Yes or No. | |
|---|---|---|---|---|---|---|
| &lt;BookNum1&gt; | &lt;ArrDate1&gt; | &lt;RelD1&gt; | &lt;Days_Old1&gt; | &lt;WDEF1&gt; | ☐ Yes | ☐ No |
| &lt;BookNum2&gt; | &lt;ArrDate2&gt; | &lt;RelD2&gt; | &lt;Days_Old2&gt; | &lt;WDEF2&gt; | ☐ Yes | ☐ No |
| &lt;BookNum3&gt; | &lt;ArrDate3&gt; | &lt;RelD3&gt; | &lt;Days_Old3&gt; | &lt;WDEF3&gt; | ☐ Yes | ☐ No |
| &lt;BookNum4&gt; | &lt;ArrDate4&gt; | &lt;RelD4&gt; | &lt;Days_Old4&gt; | &lt;WDEF4&gt; | ☐ Yes | ☐ No |
| &lt;BookNum5&gt; | &lt;ArrDate5&gt; | &lt;RelD5&gt; | &lt;Days_Old5&gt; | &lt;WDEF5&gt; | ☐ Yes | ☐ No |
| &lt;BookNum6&gt; | &lt;ArrDate6&gt; | &lt;RelD6&gt; | &lt;Days_Old6&gt; | &lt;WDEF6&gt; | ☐ Yes | ☐ No |
| &lt;BookNum7&gt; | &lt;ArrDate7&gt; | &lt;RelD7&gt; | &lt;Days_Old7&gt; | &lt;WDEF7&gt; | ☐ Yes | ☐ No |
| &lt;BookNum8&gt; | &lt;ArrDate8&gt; | &lt;RelD8&gt; | &lt;Days_Old8&gt; | &lt;WDEF8&gt; | ☐ Yes | ☐ No |
| &lt;BookNum9&gt; | &lt;ArrDate9&gt; | &lt;RelD9&gt; | &lt;Days_Old9&gt; | &lt;WDEF9&gt; | ☐ Yes | ☐ No |

Substitute IRS Form W-9

1.   The social security number entered above is my correct Taxpayer Identification Number, and

2.   I am NOT subject to backup withholding because **(a)** I am exempt from backup withholding, or **(b)** I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or **(c)** the IRS has notified me that I am no longer subject to backup withholding; and

3.   I am a U.S. person (including a U.S. resident alien).

NOTE. If you have been notified by the IRS that you are currently subject to backup withholding, you must cross out item 2 in this Substitute IRS Form W-9

**The IRS does not require your consent to any provision of this document other than the certification required to avoid backup withholding.**

YES, I QUALIFY AND WISH TO MAKE A CLAIM AGAINST THE COUNTY OF LOS ANGELES.

By signing this form below, I am confirming that the above information is correct and that.
    1)    I am the person identified above;
    2)    I am over the age of 18,
    3)    I agree to abide by, and be limited to, the formula for damages approved by the court; and
    4)    I agree to keep the Class Administrator informed of my current address at all times.

I declare under penalty of perjury under the laws of the State of California that the information given above is true and correct.

Date: _____      Signature: _____

The information given here is private, and will be held in strictest confidence. If you have any questions about this lawsuit, write to us at Williams v County of L.A. Class Administrator, P.O. Box 6177, Novato, CA 94948-6177 or contact us by e-mail at info@LAJailClassAction.com or visit our web site at www.LAJailClassAction.com

**THIS CLAIM FORM MUST BE SIGNED AND RETURNED
WITH A POSTMARK NO LATER THAN SEPTEMBER 20, 2002.**

LADetPOCSS doc

1

**WILLIAMS, ET AL. V. COUNTY OF LOS ANGELES, ET AL.**
**SERVICE LIST**

2

3  JOHN C. BURTON, SBN 86029
   LAW OFFICES OF JOHN C. BURTON
4  35 South Raymond Ave., Suite 405
   Pasadena, CA 91105
5  Telephone: (626) 449-8300
   Facsimile: (626) 449-4417

6  ROBERT MANN, SBN 48293
   DONALD W. COOK, SBN 116666
7  ADAM J. AXELRAD, SBN 148981
   MANN & COOK
8  3435 Wilshire Blvd., Suite 2900
   Los Angeles, CA 90010
9  Telephone: (213) 252-9444
   Facsimile: (213) 252-0091

10 TIMOTHY J. MIDGLEY, SBN 123738
   MANES & WATSON
11 3435 Wilshire Blvd., Suite 2900
   Los Angeles, CA 90010
12 Telephone: (213) 381-7793
   Facsimile: (213) 381-0024

13
   MARY ANNA HENLEY, SBN 50015
14 ATTORNEY AT LAW
   2766 Santa Rosa Avenue
15 Altadena, CA 91001
   Telephone:(626)794-9978
16 Facsimile:(626)794-9978

17 ROBERT C. MOEST, SBN 062166
   LAW OFFICES OF JOHN C. BURTON
18 35 South Raymond Ave., Suite 405
   Pasadena, CA 91105
19 Telephone: (626) 449-8300
   Facsimile: (626) 449-4417

20 Attorneys for Plaintiffs

21 DAVID D. LAWRENCE, SBN 123039
   PAUL B. BEACH, SBN 166265
22 FRANSCELL, STRICKLAND, et al.
   100 West Broadway, Suite 1200
23 Glendale, CA 91210
   Telephone: (818) 545-1925
24 Facsimile: (818) 545-1937

25 LLOYD W. PELLMAN, SBN 054295
   LOU V. AGUILAR, SBN 053053
   KEVIN C. BRAZILE, SBN 113355
26 OFFICE OF COUNTY COUNSEL
   500 W. Temple St. #648
27 Los Angeles, Calif. 90012
   Telephone: (213) 974-1904
28 Facsimile: (213) 687-7300

   Attorneys for Defendants

   Doc. 58614  Client 1171

1   BARRETT S. LITT, SBN 45527
    PAUL J. ESTUAR, SBN 167764
2   LITT & ASSOCIATES
3   3435 Wilshire Blvd., Suite 1100
    Los Angeles, CA  90010-1912
4   Telephone:  (213) 386-3114
    Facsimile:  (213)  380-4585
5   Attorneys for Plaintiffs
6   (Please see attached for additional counsel.)

7   DAVID D. LAWRENCE, SBN 123039
    PAUL B. BEACH, SBN 166265
8   FRANSCELL, STRICKLAND, et al.
9   100 West Broadway, Suite 1200
    Glendale, CA 91210
10  Telephone:  (818) 545-1925
    Facsimile:  (818) 545-1937
11
12  Attorneys for Defendants.

FILED
CLERK, U.S. DISTRICT COURT

MAY – 9 2002

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority _____
Send      __X__
Enter     _____
Closed    _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

13
14          **UNITED STATES DISTRICT COURT**
15          **CENTRAL DISTRICT OF CALIFORNIA**

16  MUNIQUE WILLIAMS, et al.,          | Case No.: CV 97-03826-CW
17                                     |
18              Plaintiffs,            | [Consolidated with: CV-98-02475-CW;
                                       | CV-98-03187-CW; CV-98-09573-CW;
19          vs.                        | CV-98-09574-CW; CV-98-09575-CW;
                                       | CV-98-09683-CW; CV-98-09695-CW;
20  COUNTY OF LOS ANGELES, et al.,     | CV-99-00586-CW.]
21                                     |
22              Defendants.            | PLAINTIFFS' SUBMISSION OF
                                       | FINAL SETTLEMENT DOCUMENTS
23                                     | WITH EXPLANATION

24  ///

ENTERED ON ICMS

MAY 1 0 2002

CV

25  ///
26  ///
27  ///
28  ///