BARRETT S. LITT, SBN 45527
PAUL J. ESTUAR, SBN 167764
LITT & ASSOCIATES,
A LAW CORPORATION
3435 Wilshire Boulevard, Suite 1100
Los Angeles, California 90010-1912
Telephone: (213) 386-3114
Facsimile: (213) 380-4585
Attorneys for Plaintiffs
(Please see attached for additional counsel.)

Priority  Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNIQUE WILLIAMS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | Case No.: CV 97-03826-CW <br><br> [Consolidated with: CV-98-02475-CW; CV-98-03187-CW; CV-98-09573-CW; CV-98-09574-CW; CV-98-09575-CW; CV-98-09683-CW; CV-98-09695-CW; CV-99-00586-CW.] <br><br> [PROPOSED] ORDER AWARDING CLASS COUNSEL ATTORNEYS' FEES AND COSTS <br><br> Date: October 28, 2002 <br> Time: 9:00 A.M. <br> Crtrm: 640 |

ENTERED ON ICMS
DEC 3 2002
CV

FILED
CLERK, U.S. DISTRICT COURT
FILED
NOV 27 2002
11-27-02
CENTRAL DISTRICT OF CALIFORNIA

1

331

# ADDITIONAL COUNSEL OF RECORD

JOHN C. BURTON, SBN 86029
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

ROBERT MANN, SBN 48293
DONALD W. COOK, SBN 116666
ADAM J. AXELRAD, SBN 148981
MANN & COOK
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

TIMOTHY J. MIDGLEY, SBN 123738
MANES & WATSON
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 381-7793
Facsimile: (213) 381-0024

MARY ANNA HENLEY, SBN 50015
ATTORNEY AT LAW
2766 Santa Rosa Avenue
Altadena, CA 91001
Telephone:(626)794-9978
Facsimile:(626)794-9978

ROBERT C. MOEST, SBN 062166
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

Attorneys for Plaintiffs

DAVID D. LAWRENCE, SBN 123039
PAUL B. BEACH, SBN 166265
FRANSCELL, STRICKLAND, et al.
100 West Broadway, Suite 1200
Glendale, CA 91210
Telephone: (818) 545-1925
Facsimile: (818) 545-1937

LLOYD W. PELLMAN, SBN 054295
LOU V. AGUILAR, SBN 053053
KEVIN C. BRAZILE, SBN 113355
OFFICE OF COUNTY COUNSEL
500 W. Temple St. #648
Los Angeles, Calif. 90012
Telephone: (213) 974-1904
Facsimile: (213) 687-7300

Attorneys for Defendants

Doc 58614 Client 1171

GOOD CAUSE APPEARING, the Court finds as follows on Class Counsel's Motion for Attorneys' Fees:

1. Class Counsel engaged in protracted efforts in a total of 14 federal and state cases to obtain this settlement, which the Court considers to be an outstanding settlement both in its monetary and in its non-monetary terms. The court considers the results in this case to have been extraordinary.

2. This was very complex litigation, involving novel issues, and the effort that went into the results reflects that fact. There is extensive documentation of the time spent by counsel to attest to the exceptional effort that went into this case, and the Court has reviewed the file, which also reflects the extensive work performed on both sides. Extraordinary effort went into the resolution of these cases, not only through litigation, but through many days of mediation with highly experienced mediators. These cases were hotly contested both on their merits and on whether a class would be certified. Class Counsel's initial class certification motions were denied by two United States District Court, and one California Superior Court. In one, the denial was reversed on appeal, and in another the denial was the subject of a motion for reconsideration at the time of the settlement. Defendants had contested the jurisdiction of the federal courts to adjudicate the claims involved on the ground that the Los Angeles Sheriff's Department was a state agency not suable under 42 U.S.C. §1983, a position appealed to the Ninth Circuit that resulted in a published opinion. At the time of the settlement, there was a contested qualified immunity appeal pending in the Ninth Circuit on the strip search claims.

3. The law was not settled on many of the issues involved in these cases. The outcome of these cases was unclear and subject to serious risk of

lack of success at the time the cases were filed, and during the course of the litigation. Class counsel obviously were cognizant of the litigation risks in these cases, and persevered – by filing additional cases, and pursuing appeal and/or further discovery to assert the basis for reconsideration – even after their class certification motions were initially denied, and when the prospect of no or only partial success had been made clear by the rulings of the courts involved. The Court is aware that cases of this nature are extremely risky and burdensome for plaintiffs' counsel.

4. Class counsel did an outstanding job and obtained exceptional results for the class. The hourly rates defined in Exhibit A do not account for exceptional results, and are based on hourly rates for lawyers of the skill and expertise of Class Counsel independent of the results obtained and of any contingent risk. In determining the appropriate fee, the Court has considered the exceptional results as well as the exceptional risks involved in this litigation.

5. The Court considers that substantial benefits were conferred on the class beyond the monetary recovery for the class, in the form of the significant policy changes in the operation of the County Jail that resulted from this litigation. This is a major factor in the Court's determination to depart from the Ninth Circuit benchmark (when judging the case as a whole, including the prior award of fees to counsel), as are the exceptional results and risks. The policy achievements obtained through this litigation set it apart from many class fund cases, which provide only monetary relief.

6. Class counsel are among the leading civil rights litigators in the state. This fact was established through the evidence presented to the court. In addition, the Court is personally aware of the outstanding reputations of

plaintiffs' counsel. Barry Litt is considered one of the outstanding civil rights litigators in California, with special expertise in class actions. His rate of $500 per hour is a reasonable hourly rate for a lawyer of his skill, experience and reputation, as are the rates sought for other attorneys and paralegals in his firm. The other attorneys involved in this litigation on behalf of the class are highly regarded, experienced and capable civil rights attorneys. The Court finds the hourly rates contained in Exhibit A for each of them reasonable for attorneys of their skill, experience, reputation and expertise in the Los Angeles area, before accounting for extraordinary results or contingent risk. The Court also finds the hours expended (which are set forth in Exhibit A through the filing of the motion for attorneys' fees) reasonable for litigation of this complexity and duration.

7. In light of the recovery of fees already obtained by Class Counsel in *Riley*, the Court awards one-half of the total expenses delineated by Class Counsel as a cost award in this case, as it considers that half of the expenses should be allocated to the *Riley* case. Plaintiffs are awarded $34,743 in costs.

8. The Court accordingly finds the lodestar as of the filing of the Motion for an Award of Attorneys' Fees of $4,160,643 reasonable, and the costs and expenses of $34,743 reasonable. The Court also considers it likely that another $100,000 total will be incurred in addition to the approximate lodestar referred to above (some of which has already been incurred since the early August cutoff date for that figure, and some of which will be incurred after this hearing), which will bring the lodestar to $4,260,643.

9. The Court is mindful of the $5.5 Million fee obtained by Class Counsel for settlement of the injunctive relief claims in *Riley v. County of Los Angeles* and has factored that into its decision on the claim here for a

4

class fund attorneys' fee award. As a check in determining the attorneys' fee award from the Class Fund of slightly less than $21,000,000 (after interest and expenses), the Court has considered there to be a Total Fund of $27,300,000 (after adding in the fees previously paid to Class Counsel on the injunctive relief claim and the interest), and has analyzed the fee as a percentage of that Total Fund, as well as under a lodestar multiplier. The Court has determined to award 20% of the current Class Fund, after Class Administrator expenses and costs, as an attorneys' fee award in this case rather than the 25% requested by Class Counsel. The table below reflects the Court's analysis, rounded off to the nearest $1000:

| | |
|---|---|
| Total Class Fund (including prior Counsel Fee and Interest) | $27,300,000 |
| Combined Expenses (approximate) (Class Administrator: $845,380; Counsel: $34,743)[1] | $880,000 |
| Post Expense Class Fund (including prior Counsel Fees and interest) | $26,420,000 |
| Post Expense Class Fund (excluding prior Counsel Fees and interest) | $20,920,000 |
| Total Fees to Class Counsel ($5,500,000 plus $4,184,000 [based on 20% of a remaining class fund of $20,920,000]) | $9,684,000 |
| Lodestar (based on fees through motion for attorney's fees plus $100,000 in additional fees)[2] | $4,260,643 |
| Total Fees as % of Total Class Fund | 35.47% |
| Total Fees as % of Post Expense Class Fund | 36.65% |
| Lodestar Multiple | 2.27 |

---

[1] The total expenses are actually $880,123 but, as indicated, this order is based on the rounded numbers.

[2] After the October 28, 2002, hearing, the Court was advised that $50,000 of attorneys' fees were inadvertently included that were separate because they related to the petition for certiorari for one plaintiff that was not part of this settlement. Thus, the correct lodestar is $4,210,643 less $50,000 plus $100,000 for a total of $4,260,643. This slightly alters the calculations stated by the court in the hearing, but not the outcome.

5

10. Accordingly, the Court awards costs of $34,743, plus an additional fee of $4,184,000, for a combined total of $4,218,743, to be paid in two equal installments, per the provisions of Fairness Hearing Order.

11. The Court believes that the foregoing cost and fee award is reasonable in light of all the factors involved, including the complexity of the case, the novelty of the legal issues, the exceptional efforts made by Class Counsel, the exceptional results obtained by Class Counsel, the extraordinary monetary and non-monetary benefits visited upon the Class and the community at large through Class Counsel's efforts, the extremely risky nature of the litigation for which Class Counsel received no compensation during the many years of litigation, and the market expectation in the Los Angeles legal market for an enhancement in contingent fee cases to compensate for litigation risk.

DATED: November 27, 2002        *Carla M. Woehrle*
MAGISTRATE JUDGE CARLA M. WOEHRLE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Submitted by:

LITT & ASSOCIATES
A LAW CORPORATION

By: *Barrett S. Litt*
Barrett S. Litt
Lead Class Counsel

6

# EXHIBIT A -- HOURLY RATES AND HOURS APPROVED

| Total Lodestar | | | |
|---|---|---|---|
| | Hours | Rate/Hr. | Fee |
| **MANN & COOK** | | | |
| Robert Mann | 1619.9 | $460 | $ 745,154 |
| Donald Cook | 1229.5 | $385 | $ 473,358 |
| Adam Axelrad | 385.5 | $310 | $ 119,505 |
| Paralegals | 407.1 | $80 | $ 32,568 |
| **BURTON LAW OFFICE** | | | |
| John Burton | 1179.6 | $460 | $ 542,616 |
| Mary Anna Henley | 1087.8 | $325 | $ 353,535 |
| Burton Paralegals | 119.5 | $150 | $ 17,925 |
| **MANES & WATSON** | | | |
| Tim Midgley | 2004.9 | $385 | $ 771,887 |
| **ROBERT MOEST** | 98.2 | $350 | $ 34,370 |
| **LITT & ASSOCIATES** | | | |
| Barry Litt | 1061.6 | $500 | $ 530,800 |
| Senior Associates | 656.7 | $325 | $ 213,428 |
| Junior Associates | 938.8 | $250 | $ 234,700 |
| Law Clerk | 9.5 | $110 | $ 1,045 |
| Litt Paralegals | | | |
| Senior Paralegals | 586.1 | $150 | $ 87,915 |
| Intermediate Paralegals | 277.4 | $120 | $ 33,288 |
| Junior Paralegals | 206.1 | $90 | $ 18,549 |
| | | | |
| Total | 11868.2 | | $4,210,643 |

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3435 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010-1912.

On November 5, 2002, I served the foregoing document described as [PROPOSED] ORDER RE AWARDING CLASS COUNSEL ATTORNEYS' FEES AND COSTS on the interested parties in this action by placing the true copies thereof in sealed envelopes addressed according to the attached service list.

**[XX] BY MAIL**

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on November 5, 2002, at Los Angeles, California.

_____
Julia C. White

Doc: 58615                    PROOF OF SERVICE

| | |
|---|---|
| 1 | **WILLIAMS, ET AL. V. COUNTY OF LOS ANGELES, ET AL.**<br>**SERVICE LIST** |
| 2 | |
| 3 | JOHN C. BURTON, SBN 86029<br>LAW OFFICES OF JOHN C. BURTON |
| 4 | 35 South Raymond Ave., Suite 405<br>Pasadena, CA 91105 |
| 5 | Telephone: (626) 449-8300<br>Facsimile: (626) 449-4417 |
| 6 | ROBERT MANN, SBN 48293 |
| 7 | DONALD W. COOK, SBN 116666<br>ADAM J. AXELRAD, SBN 148981 |
| 8 | MANN & COOK<br>3435 Wilshire Blvd., Suite 2900 |
| 9 | Los Angeles, CA 90010<br>Telephone: (213) 252-9444<br>Facsimile: (213) 252-0091 |
| 10 | TIMOTHY J. MIDGLEY, SBN 123738 |
| 11 | MANES & WATSON<br>3435 Wilshire Blvd., Suite 2900 |
| 12 | Los Angeles, CA 90010<br>Telephone: (213) 381-7793<br>Facsimile: (213) 381-0024 |
| 13 | |
| 14 | MARY ANNA HENLEY, SBN 50015<br>ATTORNEY AT LAW |
| 15 | 2766 Santa Rosa Avenue<br>Altadena, CA 91001 |
| 16 | Telephone:(626)794-9978<br>Facsimile:(626)794-9978 |
| 17 | ROBERT C. MOEST, SBN 062166<br>LAW OFFICES OF JOHN C. BURTON |
| 18 | 35 South Raymond Ave., Suite 405<br>Pasadena, CA 91105 |
| 19 | Telephone: (626) 449-8300<br>Facsimile: (626) 449-4417 |
| 20 | Attorneys for Plaintiffs |
| 21 | DAVID D. LAWRENCE, SBN 123039<br>PAUL B. BEACH, SBN 166265 |
| 22 | FRANSCELL, STRICKLAND, et al.<br>100 West Broadway, Suite 1200 |
| 23 | Glendale, CA 91210<br>Telephone: (818) 545-1925<br>Facsimile: (818) 545-1937 |
| 24 | |
| 25 | LLOYD W. PELLMAN, SBN 054295<br>LOU V. AGUILAR, SBN 053053 |
| 26 | KEVIN C. BRAZILE, SBN 113355<br>OFFICE OF COUNTY COUNSEL |
| 27 | 500 W. Temple St. #648<br>Los Angeles, Calif. 90012<br>Telephone: (213) 974-1904 |
| 28 | Facsimile: (213) 687-7300 |
| | Attorneys for Defendants |

Doc 58614 Client 1171