BARRETT S. LITT, SBN 45527
PAUL J. ESTUAR, SBN 167764
LITT & ASSOCIATES
3435 Wilshire Blvd., Suite 1100
Los Angeles, CA 90010-1912
Telephone: (213) 386-3114
Facsimile: (213) 380-4585
Attorneys for Plaintiffs
(Please see attached for additional counsel.)




**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUNIQUE WILLIAMS, et al., Plaintiffs, vs. COUNTY OF LOS ANGELES, et al., Defendants. | CASE NO.: CV 97-03826-CW<br>[CONSOLIDATED WITH: CV-98-02475-CW; CV-98-03187-CW; CV-98-09573-CW; CV-98-09574-CW; CV-98-09575-CW; CV-98-09683-CW; CV-98-09695-CW; CV-99-00586-CW.]<br>**~~[PROPOSED]~~ ORDER RE OBJECTIONS TO SETTLEMENT**<br>Date: October 28, 2002.<br>Time: 9:00 A.M.<br>Court: Magistrate Judge Woehrle |






332

**ADDITIONAL COUNSEL OF RECORD**

JOHN C. BURTON, SBN 86029
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

ROBERT MANN, SBN 48293
DONALD W. COOK, SBN 116666
ADAM J. AXELRAD, SBN 148981
MANN & COOK
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

TIMOTHY J. MIDGLEY, SBN 123738
MANES & WATSON
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 381-7793
Facsimile: (213) 381-0024

MARY ANNA HENLEY, SBN 50015
ATTORNEY AT LAW
2766 Santa Rosa Avenue
Altadena, CA 91001
Telephone:(626)794-9978
Facsimile:(626)794-9978

ROBERT C. MOEST, SBN 062166
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

Attorneys for Plaintiffs

DAVID D. LAWRENCE, SBN 123039
PAUL B. BEACH, SBN 166265
FRANSCELL, STRICKLAND, et al.
100 West Broadway, Suite 1200
Glendale, CA 91210
Telephone: (818) 545-1925
Facsimile: (818) 545-1937

LLOYD W. PELLMAN, SBN 054295
LOU V. AGUILAR, SBN 053053
KEVIN C. BRAZILE, SBN 113355
OFFICE OF COUNTY COUNSEL
500 W. Temple St. #648
Los Angeles, Calif. 90012
Telephone: (213) 974-1904
Facsimile: (213) 687-7300

Attorneys for Defendants

Having reviewed the timely-filed written objections and the responses thereto, good cause appearing, it is ordered that the objections to the settlement filed by Zuri A'Giza, Viceroy Andrews, Wyatt Dale Daniel, Glenn Phillips and Derrick J. Young are overruled. None of the objections included any explanation beyond the interests of the individual objector why the proposed settlement was not in the interests of the class as a whole. None was on behalf of anyone other than himself. None cited any legal authority in support of his position. None addressed the considerations presented by Class Counsel in their Motion for an Award of Attorney's Fees that led them to settle the case on the terms contained in the settlement.

Having reviewed the written objection of Larry David Hewitt, good cause appearing, it is ordered that the objection to the settlement be overruled as untimely filed. Having heard and considered oral objections raised at the hearing by Viceroy Andrews, Stuart McColl, Richard Lee Pady, Sharon Douglas, Adolf Simpson, Sheila Flores, Ray Walters and Ricky Hicks, the Court finds that, other than Mr. Andrews, the objections were untimely raised in that they were not filed with the Court, in writing, on or before September 20, 2002, and are therefore overruled.

The Court, however, took the substance of each objection referenced in the preceding paragraph into consideration prior to making its fairness determination and finds that (1) the settlement addresses discrete issues only and is not intended to cover all possible claims against the County; (2) class members who feel that the settlement is inadequate as to them individually had the opportunity to opt out; (3) reliance upon the County's records in determining class membership is reasonable and the only practicable means of administering the class settlement; (4) the point system is a reasonable and fair procedure to determine individual class members'

shares of the Class Fund, and a creative means of fairly addressing the practical difficulties of administering the class settlement; (5) the *Cy Pres* fund is reasonable and in the best interests of the class as a whole; (6) the expenses incurred in administering the notice and claim process is reasonable; (7) the Notice form is comprehensive and satisfies due process; and (8) Class Counsel may petition the Court for fees from the Class Fund not to exceed 25%.

Addressing each of the timely-filed written objections in turn, the Court finds:

**A. <u>ZURI A'GIZA</u>**

The Court has reviewed the objections filed by Mr. A'Giza, including (1) Stipulation for Settlement of Class Action (2) Objection of Zuri A'Giza to Proposed Settlement of Class Action; (3) Declaration of Plaintiff Zuri A'Giza in Support of Objection of Zuri A'Giza to Proposed Settlement of Class Action; (4) Application to Present Late Claim (Gov. Code §911.4); and (5) Application to Receive Copies of Settlement Agreement, Class Counsel's Motion for Attorney Fees and Applicable Records from Los Angeles County Sheriff's Department. The Court has also reviewed the California Superior Court complaint filed by him against various of the counsel or related parties to this case.

From reviewing the documents, at best, the apparent bases of objection are that the Notice was deficient in that it fails to present class members with sufficient information from the LASD computer records to evaluate whether to opt-out or take part in the settlement; that the Settlement Agreement and the Motion for Attorneys' Fees were not mailed to Mr. A'Giza, and that the Class Fund and related expenses are excessive as a matter of law.

The Court overrules Mr. A'Giza's objections in their entirety. Providing individual access to LASD computer records would, as a practical matter, negate

the practical efficiencies of a class action. Mr. A'Giza could have availed himself of the opt-out provision of the settlement and pursued his claim individually. In addition, the Class Notice provided a procedure by which the full Settlement Agreement and Motion for Attorneys' Fees could be provided to any class member, a procedure that he failed to follow. (This included both Internet website and hard copy access.) The procedure established was reasonable, and the notion that all such documents would be mailed to all class members would have resulted in a substantial diminution of the Class Fund, with little if any benefit to the class. Generally, a class notice must be sent to provide absent class members with certain basic information so that they have a reasonable opportunity to consider the terms of the settlement. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Due process requires the notice must be the best practicable, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* The notice should describe the action, and the plaintiffs' rights in it. Additionally, due process requires, at a minimum, that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusion" form to the court. *Id.* The Notice in this case clearly complied with all of these standards. Indeed, Mr. A'Giza does not claim that he failed to understand the claims filing, objection, or opt-out processes as explained in the Notice. In fact, he timely filed his objection with the Court.

Mr. A'Giza's objection to the size of the Class Fund and the amount of expenses charged against the Fund is also unfounded. The Court has reviewed the costs involved, and finds them reasonable in light of the large size of the class and the considerable administrative needs to handle and process the class claims. As to

the size of the Fund, the Court notes that this is the largest pre-trial settlement in the history of Los Angeles County, and an extremely large settlement by any account, especially in light of the well known difficulties in pursuing law enforcement class action claims, difficulties demonstrated by the lengthy litigation involved here before the case was settled. The Court also notes that a well-known and experienced mediator, and well known and established counsel on both sides, were involved, all indicators of the reasonableness of the result.

The Court takes judicial notice of Exhibits B-D, the documents attached to Plaintiffs' Response to Objections that reflect state court proceedings involving Mr. A'Giza. The Court observes that Mr. A'Giza has engaged in several past efforts to improperly sue attorneys for conduct he alleges harmed him, and that Exhibits C and D reflect court orders dismissing such cases. *See* Opinion in A'Giza v. Khare et al., No. BC242734, unpublished opinion dated 8/19/02 of the 2nd District Court of Appeal, attached as Exhibit C to Response to Objections; Order Granting Demurrer in A'Giza v. Khare et al., No. BC276 891 (Superior Court of the State of California), attached as Exhibit D, which appears to involve the same counsel involved as were named in Exhibit C, as well the firm of Lewis, Brisbois, Bisgaard & Smith LLP.

More particularly, the Court notes that Mr. A'Giza has filed a tort action in state court for damages against both defense counsel and employees of the Litt firm, based upon their alleged breach of a purported duty to him by virtue of this settlement. (A'Giza v. Williams v. L.A. County Settlement, No. BC 282859, filed 10/07/02), attached as Exhibit B to Plaintiffs' Response to Objections.) While the Court will not order Mr. A'Giza to dismiss his state court complaint, as both counsel have suggested, the Court notes that this Order may be presented by

counsel in the state court as an indication of this Court's conclusions regarding the merits of Mr. A'Giza's objections.

The Court directs the Class Administrator to immediately send to Mr. A'Giza a letter advising him that his objection is overruled, with a copy of this Order, and further advising him that he may file a claim form, should he wish to participate in the settlement, that must be received by the Class Administrator within 14 days of the mailing of the letter. If he does not file a claim form, then the Court deems Mr. A'Giza to have opted out of the settlement, and he has the right to pursue any claims independently in accord with the rights of any other opt out participants.

**B. VICEROY ANDREWS**

It is not clear that Mr. Andrews desires to object as opposed to opt out of the settlement. Assuming that, in part, Mr. Andrews is objecting to the settlement, his objection is overruled. Mr. Andrews' filed materials contain a long list of matters that Mr. Andrews feels should be included for consideration in his individual case. He makes demand that $750,000 be set aside from the Class Fund to compensate him for his individual damages. The remedy for a person who feels that the settlement is inadequate for his personal situation, as opposed to the class as a whole, is to opt out. Mr. Andrews demonstrates no understanding of the issues involved in settling a class action. His request that he be paid $750,000 from the Class Fund indicates that he is not addressing the needs and interests of the class as a whole.

The Court directs the Class Administrator to immediately send to Mr. Andrews a letter advising him that his objection is overruled, with a copy of this Order, and further advising him that he may file a claim form, should he wish to participate in the settlement, that must be received by the Class Administrator

within 14 days of the mailing of the letter. If he does not file a claim form, then the Court deems Mr. Andrews to have opted out of the settlement, and he has the right to pursue any claims independently in accord with the rights of any other opt out participants.

C. **WYATT DALE DANIEL**

It is not clear if Mr. Daniel is objecting. He filed a claim form. Mr. Daniel's objection, if it is an objection, is based upon a perceived error in the LASD records, both regarding the number of days that he was overdetained and the number of times and circumstances of strip searches (though he does not indicate whether the strip searches occurred *after* he was entitled to be released). He requests that he be personally contacted to review the particular circumstances of his detention and searches to determine if he wants to object. To the extent that Mr. Daniel is objecting, his objection is overruled. It would have been economically prohibitive to allow a procedure to challenge the number of days contained in the LASD databases. The rights of the class members were protected by their right to opt out of the settlement if they felt that the County data was inaccurate, or that their recovery under the settlement was not satisfactory. As with Mr. A'Giza, Mr. Daniel's remedy lay in opting out of the settlement, not in objecting. The Court also notes that Mr. Daniel did not file his objection in the manner prescribed in the Notice.

The Court directs the Class Administrator to immediately send to Mr. Daniel a letter advising him that his objection is overruled, with a copy of this Order, and further advising him that he will be deemed to have filed a claim form, based upon what he previously submitted to the Class Administrator. Should he not wish to participate in the settlement, and instead to opt out, a written statement so indicating must be received by the Class Administrator within 14 days of the

mailing of the letter. If he does not file such a statement, then the Court deems Mr. Andrews to have filed a claim, and he will have the right to participate in the settlement on the same terms as other class members who filed claims.

**D. GLENN PHILLIPS**

Glenn Phillips filed a claim form (according to his objection) and objected to the settlement on the grounds that the proposed settlement does not take the specific circumstances of his detention into account and, therefore, undercompensated him; that the sums allocated to the *Cy Pres* Fund are inappropriate and will be funneled into the very system that caused the problems; that there was inadequate explanation of the reasons for the Named Plaintiffs to receive more than other class members, and that the point system used by the parties to assign values to each claim failed to take into account the unique circumstances of his situation. Only the last three items raise issues respecting the validity of the settlement as a whole. Mr. Phillips' objection is overruled.

The first issue, as to whether the settlement adequately address his particular circumstances, is a common one, and explains why class members are entitled to opt out. By definition, in a settlement of this type, there may be individuals whose grievances, from their perspective, are not adequately addressed by the settlement. They are therefore entitled to opt out. That is not a sound reason to reject the settlement. Here, only 5 of approximately 41,000 claimants (and over 200,000 notice recipients) objected, an indication that most people in the class found the resolution satisfactory.

As to the provision of a portion of the Class Fund to be set aside in the *Cy Pres* Fund, this is a well recognized means of recognizing the interests of absent class members. "[D]isposition of funds that have not been individually distributed, by distributing them for the next best use, which is for indirect class benefit, has

been approved under the equitable power of courts in various cases under the analogous cy pres doctrine." Newberg on Class Actions, 3rd Ed., § 11.20. *See also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1305-1306 (9th Cir. 1990)(approving use of cy pres, or fluid recovery, for "the limited purpose of distributing unclaimed damages" in a case relying on statutory damages as the basis for recovery). The *Cy Pres* Fund here is less than 20% of the funds available for distribution to the class although over 80% of the class has not filed claims. Thus, the provision of the *Cy Pres* Fund in the amounts agreed to by the parties was reasonable and in the best interests of the class as a whole, even if it had the effect of slightly diminishing the recovery of individual claimants. The fact that a portion of the funds goes to Sheriff's programs does not change this conclusion for the only Sheriff's projects that may receive the funds are "LASD Inmate Programs." The Court has been advised by the parties that these are programs specifically designed to assist inmates in developing their life or job coping skills – such as drug prevention, literacy, vocational training and the like – and are not law enforcement programs. In addition, funds go to community-based organizations "serving populations at risk of incarceration." The monitoring fees are to Class Counsel to ensure that the policy changes are in force, and that the programs chosen meet the needs of absent class members. The Court finds that the use of the funds for such programs and monitoring is reasonable and in the interests of absent class members.

With regard to higher amounts to individually Named Plaintiffs, "[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997). *See also, e.g., Enterprise Energy corp. v. Columbia Gas Transmission*

*Corp.*, 137 F.R.D. 240, 250-251 (S.D. Ohio 1997)(approving $50,000 incentive award to each class representative). The Court further notes that one of plaintiffs' arguments in favor of certification of the class for a class wide damages determination was the availability of statutory damages under California Civil Code §52, which made such damages available in the amount of $1000 per violation.[1] Determination of actual damages would have been far more difficult on a class-wide basis, but not for the individuals before the Court who were in a position to assert and prove actual damages. This further supports the conclusion that a separate fund for the Named Plaintiffs was appropriate. The Court notes that the mean award for the 64 Named Plaintiffs is under $12,000, which is not unreasonable under the circumstances.

If Mr. Phillips is raising the validity of the point system generally, the Court notes that any other procedure would have entailed far greater administrative expenses, which would have significantly reduced the size of the Class Fund. It is for this reason that courts have approved simplified procedures to determine individual class members' shares of a Class Fund. As Newberg on Class Actions, 3rd Ed., §11.17, states, "When a lump sum settlement has been negotiated, it may be distributed to class members who file claims or, alternatively, to those class members who do not exclude themselves, on the basis of statistics or the defendants' records." Here, the parties took aspects of each, relying on the defendants' data where possible, to ensure the merits of the claim, but requiring the filing of a simple claim form since it was necessary to locate class members in order to compensate them. By using the point system, the parties simplified the

---

[1] The Court is aware that defendants vigorously contested the applicability of this statute, and this comment by the Court is not intended to take any position on that issue other than to note

claims process and maximized the sums that would actually reach the class. This was a fair and reasonable approach.

The Court directs the Class Administrator to immediately send to Mr. Phillips a letter advising him that his objection is overruled, with a copy of this Order, and further advising him that he will be deemed to have filed a claim form, based upon what he previously submitted to the Class Administrator. Should he not wish to participate in the settlement, and to opt out instead, a written statement so indicating must be received by the Class Administrator within 14 days of the mailing of the letter. If he does not file such a statement, then the Court deems Mr. Phillips to have filed a claim, and he will have the right to participate in the settlement on the same terms as other class members who filed claims.

**E. DERRICK J. YOUNG**

Mr. Young's objection fails to comply with the terms of the Notice in that it was never filed with the Court. Instead, he mailed his objection to Class Counsel, counsel for Defendants and the Claims Administrator. There is no defect in the Class Notice that would have led Mr. Young to misunderstand the filing requirement, particularly since others correctly followed the procedure by filing documents with the Court. On this reason alone, Mr. Young's objection should be overruled.

Addressing the merits of Mr. Young's objections, he objects to Rosenthal & Co. acting as the Class Administrator unless a return of ¼ % above prime is guaranteed on such funds, and that the interest be distributed to those who objected. This objection is overruled. Such an interest return is not realistic, and

---

that, if the statute were available, it would mean that individual damage determinations would not be necessary on the statutory damage claim.

the accrued interest to date goes into the Class Fund as a whole. It would be inappropriate to provide interest only to the objectors.

Mr. Young's next objection is to the attorneys' fees. This objection is not clear. First, he states that the fees should not exceed 15% of the Class Fund, which would be in addition to $3,225,000 paid separately from the Class Fund for changes to LASD policy. This is unintelligible. Counsel received $5,500,000 separately from the Class Fund. Mr. Young later states that the total for attorneys' fees and costs and expenses of the settlement should not exceed 10 % of the total, which is contradictory to his previous statement. He further states that Class Counsel should receive no more than 40% of the total, which is contradictory to both previous statements. For the reasons contained in the Court's Order Awarding Attorney's Fees, the Court overrules his objections to the extent that they are inconsistent with the Court's order, which, for the reasons stated above, are not clear.

Next, Mr. Young states that administrative costs should not exceed administrative costs for top mutual funds, which may be inconsistent with his previous statements and, in any event, fails to address the specific costs of class administration and their reasons, for which a comparison to a mutual fund is of no value.

Next, Mr. Young objects to the proposed $750,000 to the Named Plaintiffs, and proposes that they receive the greater of $3,725,000 or 15% of the Class Fund. This of course would result in a far greater share of the Class Fund to them although Mr. Young nowhere explains his rationale. For the reasons stated previously in this Order, in discussing Mr. Phillip's objection, Mr. Young's objection is overruled. The Court believes that the $750,000 allocation to the Named Plaintiffs is reasonable and should not be changed.

Mr. Young also objects to monies going to the *Cy Pres* Fund. For the reasons explained in the discussion of Mr. Phillip's objection on the same grounds, this objection is overruled. (The Court also notes that Mr. Young later appears to suggest a form of *cy pres* fund.)

Mr. Young objects to the $5,000 maximum that a class member (other than a Named Plaintiff) could receive, but fails to address or recognize that the amount of claims involved here has meant that no class member will receive anywhere near that. Thus, this objection is not relevant and is moot.

Mr. Young also proposes a different point system, which is unclear but appears to have a cap for all such claimants of $3,225,000, and a separate fund of $2,500,000 for those who do not file claims which could be combined with a form of *cy pres* fund. This too is unclear. The Court finds that the parties have presented a well considered proposal, and that Mr. Young has not given any reason to depart from it. Mr. Young's proposal would result in less compensation to individual class members than does the parties'.

In general, Mr. Young's objection is confused, contradictory and unclear. He substitutes his proposal for the parties' although the parties' is much clearer and better considered. The purpose of an objection is to determine whether some element of the proposed settlement is unfair to the class, not to rewrite the parties' agreement. Mr. Young has not raised anything to lead the Court to conclude that any aspect of the settlement is unfair to the class.

The Court directs the Class Administrator to immediately send to Mr. Young a letter advising him that his objection is overruled, with a copy of this Order, and further advising him that he will be deemed to have filed a claim form, based upon what he previously submitted to the Class Administrator. Should he not wish to participate in the settlement, and instead to opt out, a written statement so

indicating must be received by the Class Administrator within 14 days of the mailing of the letter. If he does not file such a statement, then the Court deems Mr. Young to have filed a claim, and he will have the right to participate in the settlement on the same terms as other class members who filed claims.

DATED: ~~October~~ November 27, 2002

Carla M. Woehrle

Magistrate Judge Carla M. Woehrle
United States District Court
Central District of California

Submitted by:

LITT & ASSOCIATES
A LAW CORPORATION

By: Barrett S. Litt
Barrett S. Litt
Lead Class Counsel

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3435 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010-1912.

On November 5, 2002, I served the foregoing document described as [PROPOSED] ORDER RE OBJECTIONS TO SETTLEMENT on the interested parties in this action by placing the true copies thereof in sealed envelopes addressed according to the attached service list.

[XX] BY MAIL

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on November 5, 2002, at Los Angeles, California.

Julia C. White

**WILLIAMS, ET AL. V. COUNTY OF LOS ANGELES, ET AL.**
**SERVICE LIST**

JOHN C. BURTON, SBN 86029
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

ROBERT MANN, SBN 48293
DONALD W. COOK, SBN 116666
ADAM J. AXELRAD, SBN 148981
MANN & COOK
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

TIMOTHY J. MIDGLEY, SBN 123738
MANES & WATSON
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 381-7793
Facsimile: (213) 381-0024

MARY ANNA HENLEY, SBN 50015
ATTORNEY AT LAW
2766 Santa Rosa Avenue
Altadena, CA 91001
Telephone:(626)794-9978
Facsimile:(626)794-9978

ROBERT C. MOEST, SBN 062166
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

Attorneys for Plaintiffs

DAVID D. LAWRENCE, SBN 123039
PAUL B. BEACH, SBN 166265
FRANSCELL, STRICKLAND, et al.
100 West Broadway, Suite 1200
Glendale, CA 91210
Telephone: (818) 545-1925
Facsimile: (818) 545-1937

LLOYD W. PELLMAN, SBN 054295
LOU V. AGUILAR, SBN 053053
KEVIN C. BRAZILE, SBN 113355
OFFICE OF COUNTY COUNSEL
500 W. Temple St. #648
Los Angeles, Calif. 90012
Telephone: (213) 974-1904
Facsimile: (213) 687-7300

Attorneys for Defendants