1  BARRETT S. LITT, SBN 45527
   PAUL J. ESTUAR, SBN 167764
2  LITT & ASSOCIATES
   3435 Wilshire Blvd., Suite 1100
3  Los Angeles, CA 90010-1912
   Telephone: (213) 386-3114
4  Facsimile: (213) 380-4585
   Attorneys for Plaintiffs
5  (Please see attached for additional counsel.)

6  DAVID D. LAWRENCE, SBN 123039
   PAUL B. BEACH, SBN 166265
7  FRANSCELL, STRICKLAND, et al.
   100 West Broadway, Suite 1200
8  Glendale, CA 91210-1201
   Telephone: (818) 545-1925
9  Facsimile: (818) 545-1937
   Attorneys for Defendants
10

CLERK, U.S. DISTRICT COURT
FILED
NOV 27 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED
CLERK, U.S. DISTRICT COURT
DEC - 6 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

11

12        **UNITED STATES DISTRICT COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15 MUNIQUE WILLIAMS, et al., | CASE NO.: CV 97-03826-CW |
| 16 | [CONSOLIDATED WITH: CV-98-02475-CW; CV-98-03187-CW; CV-98-09573-CW; CV-98-09574-CW; CV-98-09575-CW; CV-98-09683-CW; CV-98-09695-CW; CV-99-00586-CW.] |
| 17 Plaintiffs, | |
| 18 | |
| 19 vs. | |
| 20 | |
| 21 COUNTY OF LOS ANGELES, et al., | [PROPOSED] ORDER RE SETTLEMENT, RELEASE AND DISMISSAL OF CLAIMS IN CLASS ACTION |
| 22 | |
| 23 Defendants. | |
| 24 | |
| 25 | Date:  October 28, 2002. |
| 26 | Time:  9:00 A.M. |
| | Court: 640 |

27

28

333

# ADDITIONAL COUNSEL OF RECORD

JOHN C. BURTON, SBN 86029
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

ROBERT MANN, SBN 48293
DONALD W. COOK, SBN 116666
ADAM J. AXELRAD, SBN 148981
MANN & COOK
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

TIMOTHY J. MIDGLEY, SBN 123738
MANES & WATSON
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 381-7793
Facsimile: (213) 381-0024

MARY ANNA HENLEY, SBN 50015
ATTORNEY AT LAW
2766 Santa Rosa Avenue
Altadena, CA 91001
Telephone:(626)794-9978
Facsimile:(626)794-9978

ROBERT C. MOEST, SBN 062166
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

Attorneys for Plaintiffs

DAVID D. LAWRENCE, SBN 123039
PAUL B. BEACH, SBN 166265
FRANSCELL, STRICKLAND, et al.
100 West Broadway, Suite 1200
Glendale, CA 91210
Telephone: (818) 545-1925
Facsimile: (818) 545-1937

LLOYD W. PELLMAN, SBN 054295
LOU V. AGUILAR, SBN 053053
KEVIN C. BRAZILE, SBN 113355
OFFICE OF COUNTY COUNSEL
500 W. Temple St. #648
Los Angeles, Calif. 90012
Telephone: (213) 974-1904
Facsimile: (213) 687-7300

Attorneys for Defendants

Doc 58614  Client 1171

1    UPON CONSIDERATION OF the instant Stipulation of the parties, by and

2    through their counsel of record, and review of the Stipulated Order for Settlement

3    of Class Action (collectively "the Orders"), good cause existing therefor, and after

4    a hearing on October 28, 2002, with prior notice to the Plaintiff Class, and with six

5    (6) objections, seven (7) notices to appear and thirty-two (32) opt outs (excluding

6    those objectors being given the option to opt out) having been filed, IT IS

7    HEREBY ORDERED:

8        1.    This Order encompasses, and fully and finally resolves, all the

9    damages aspects of the cases listed in Exhibit A. Each was filed as a class action

10   unless there is an indication to the contrary after the case name. The cases listed in

11   Exhibit A are hereafter collectively referred to as the "Complaints."

12       2.    Plaintiffs are members of one or more of three classes:

13   • Persons who were purportedly not released from Los Angeles

14       County Jail within a reasonable time, as further defined in Exhibit

15       B, after they became entitled to release.

16   • Persons who were in the custody of law enforcement and taken to

17       Court, became entitled to release while at the Courthouse, were

18       remanded to the custody of the Los Angeles County Sheriff's

19       Department ("LASD") and then returned to County Jail, and were

20       subjected to a purportedly unlawful strip and/or visual body cavity

21       search prior to their release.

22   • Persons who were arrested based on a warrant who were not, in

23       fact, the person for whom the warrant was issued, and were

24       purportedly held without a timely determination of whether s/he

25       was the correct arrestee, even if LASD personnel were notified that

26       the warrant was not for him or her.

27   The full definition of each class is contained in Exhibit B to this Order.

28       3.    The following terms are used throughout this Order, and have

1

the following meanings:

- Plaintiffs – All class members who have not opted out of this settlement.
- Class Counsel –The team of lawyers who have represented the Class in the Complaints. They are: Barrett S. Litt, Paul J. Estuar (Firm: Litt & Associates), John Burton (Firm: Law Offices of John Burton), Timothy J. Midgley (Firm: Manes & Watson), Robert Mann, Donald W. Cook, Adam Axelrad (Firm: Mann & Cook), Mary Anna Henley and Robert C. Moest.
- Named Plaintiffs – Any Plaintiffs individually named in the Complaints or currently individually represented by any Class Counsel in claims for overdetention, visual body cavity search and/or wrong warrant detentions as described in the Recitals above, and further defined in Exhibit B (the Class Definition). They are identified in Exhibit C.
- Class Fund or Class Damages Settlement – Total class damages to be paid by Defendants before expenses, and before Class Fund Attorney's Fees ($21,500,000).
- Class Fund Attorneys' Fees – Portion of the Class Fund awarded as attorney's fees and costs to Class Counsel.
- Named Plaintiffs' Distribution – The amount of the Class Fund to be distributed to the Named Plaintiffs.
- *Cy Pres* Fund or *Cy Pres* Distribution – A portion of the Class Fund to be used to monitor programs instituted by the LASD to eliminate problems relating to over-detentions, strip/body cavity searches and wrong warrants, and to fund existing LASD Inmate Programs, or community organizations serving the needs of populations at risk to be detained in jail. This distribution addresses the interests of absent class members (i.e., Class members who did not file claims, and who, as class members, will nonetheless be bound by a final, approved settlement).

- Class Distribution – The portion of the Class Fund available for distribution to class members who have filed claims (i.e., the Class Fund less Class Fund Attorneys' Fees, costs of class administration, the Named Plaintiffs' Distribution and the *Cy Pres* Distribution).

- Class Administrator or Administrator – The Class Administrator previously approved by the Court to administer the settlement, Rosenthal & Company.

4. In several of the cases listed in Exhibit A, Plaintiffs requested injunctive relief. Injunctive relief has been agreed to between counsel for Plaintiffs and Defendants in a separate Injunctive Relief Agreement under which certain attorneys' fees and costs were paid. It is not part of this Order, and is effective independent of it.

5. For and in consideration of the monetary payment to the Class Fund described elsewhere in this Order, Plaintiffs and their heirs, executors, administrators, successors, insurers, wards, officers, directors, shareholders, employees, agents and attorneys (hereinafter individually and collectively designated as "Releasors") do hereby release, acquit, and forever discharge all Defendants, including, without limitation, the County of Los Angeles, the Los Angeles County Sheriff's Department, the Los Angeles County Board of Supervisors, the Los Angeles Municipal and Superior Courts, and each of their attorneys, officers, directors, insurers, assigns, employees, servants, principals, agents, representatives, predecessors, successors, successors-in-interest, parents, subsidiaries, affiliates, divisions, heirs, executors, and administrators, whether specifically named herein or not (hereinafter individually and collectively designated as "Releasees") from and against any and all claims which were asserted in the Complaints, including without limitation the claims of the Plaintiffs for all damages encompassed within the definitions of the classes as set forth in Exhibit B (the "Released Matters"). The injuries and damages sustained by

3

Releasors on the Released Matters may be of such a character that the full extent and type of damages sustained by them are not known at this time and further damages may be sustained by Releasors with respect to the Released Matters. Releasors may hereafter discover facts different from or in addition to the facts which Releasors now know or believe to be true with respect to the Released Matters. This Order shall constitute a full and complete release of the Released Matters notwithstanding the discovery of any such additional or different facts. Releasors expressly waive and assume the risk of any and all claims for damages which exist, have existed in the past or may develop in the future, which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, including claims which, if known, could affect Releasors' decision to settle the Complaints and release the Releasees on the subjects of the Released Matters.

6.     Releasors have been advised of, and have waived the provisions of Civil Code §1542, which reads:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

7.     The existence, terms and provisions of this Order, and of all other settlement documents, are not and shall not be construed or contended to be an admission by any of the Defendants of either the validity of any of the claims asserted in any of the Complaints, or of any of their liability for any claim of any wrongdoing whatsoever. Any statements or arguments made on behalf of any Plaintiff or any Defendant in connection with, or at the settlement hearing on, or in support of the settlement, shall not be used as evidence or otherwise in any way in any subsequent trial, proceeding or hearing either in this action or in any other action or proceeding between all or any of the parties, should such occur.

4

8.      Any Plaintiff, including any Named Plaintiff, who has not opted out of this settlement by filing an opt-out form in accordance with the terms set forth in the Class Notice is deemed to have released the Releasees in accordance with the terms of this Order, and is bound by it. The list of persons who have opted out of this settlement is contained in Exhibit D.

9.      This settlement and the Orders effectuating it involve a compromise of disputed claims. Neither the Orders nor the payment of any money by any Defendant is ever to be deemed or contended or construed in any manner whatsoever as an admission of any of the allegations of wrongful conduct, claims or liability on the part of any of the Defendants, by whom such allegations and liability are expressly denied and contested.

10.     The order of Judge Mariana R. Pfaelzer, entered on March 10, 1999, granting partial summary judgment to Plaintiffs in *Tchakmakjian , et al. v. County of Los Angeles, et al.*, Case No. CV-98-9683-MRP, on the issue of whether the policy and practice of subjecting Court returnees entitled to immediate release to strip and/or visual body cavity searches prior to release violates any person's constitutional or civil rights is hereby vacated. That Order is deemed null and void, and may not be cited by any party on the basis of the doctrines of *res judicata* or collateral estoppel, or for any other reason. Judge Pfaelzer is aware of and has no objection to the entry of this provision of this Order.

11.     The Class Distribution shall be made according to the terms and standards contained further on in this Order, a determination that shall be made by the Class Administrator, who may confer with counsel for either Plaintiffs or Defendants as he sees fit. With the exception of the foregoing, the Class Administrator shall be solely responsible for the allocation and distribution of the proceeds of the settlement funds to Plaintiffs in accordance with this Order. Except for the deposits into the Class Fund as required by this Order, the Defendants will have no further obligations or duties or liability whatsoever with respect to the Class Fund.

12.    In agreeing to the entry of the Orders, the Court finds that Plaintiffs have relied wholly on their judgment, belief and knowledge of the nature, extent and duration of the alleged damages and injuries, and have not been influenced to any extent by any representations or statements regarding alleged damages or injuries or regarding any other matter made by Defendants or by any persons employed by, retained by or representing the Defendants, which are not contained in the Orders.

13.    Plaintiffs have been represented by Class Counsel throughout all negotiations which preceded the Orders.

14.    In accepting money under this Settlement, the Plaintiffs have represented and warranted to the Defendants that they have not assigned, transferred or purported to assign or transfer any claim, demand, action, cause of action or right herein released or discharged. If any Plaintiff has made such a transfer or assignment, the Orders apply to such transferee or assignee.

15.    This Order, the previously filed Stipulated Settlement Agreement, and the Exhibits and documents attached to or referenced in them, contain the entire agreement and understanding concerning the Settlement and Release of All Claims between the Plaintiffs and the Defendants. They supersede and replace all prior negotiations and any proposed agreement and agreements, written and oral. The Court finds that no Defendant, or agent or attorney of any Defendant, has made any promise, representation or warranty whatsoever, express or implied, not contained in the documents referred to in this paragraph to induce Plaintiffs to agree to the Settlement and Release of All Claims. The Court further finds that Plaintiffs have not agreed to the terms of this settlement in reliance upon any promise, representation or warranty not contained in the documents referred to in this paragraph.

16.    Plaintiffs and/or Class Counsel shall not individually or collectively institute, instigate, bring, commence or continue any additional actions at law or in equity, or any civil or other proceeding in any Court of the United

1    States, any State thereof, or any other body, administrative or otherwise, against

2    any the Releasees for any claim which is discharged by this Order.

3            17.    The terms, conditions, and provisions of this and prior Orders

4    of this Court in connection with this settlement shall be binding upon, and shall

5    inure to the benefit of, the Parties and their respective successors and assigns.

6            18.    Plaintiffs have not relied upon the advice of Releasees as to the

7    legal and/or tax consequences of this settlement, the payment of any money by the

8    Defendants or the distribution of the Class Fund. Releasors hereby release and

9    discharge the Releasees from any and all present and future actions, causes of

10   action, claims, demands, rights, debts, damages, costs, expenses, sums of money,

11   losses, compensation, controversies, accountings, reckonings, liens, damages,

12   costs, losses, expenses, compensation and suits of any kind or of any nature

13   whatsoever by reason of the legal or tax consequences of the Orders, the payment

14   of any money by the Defendants, and the distribution of the Class Fund.

15           19.    Appropriate notice has been given to the classes, as previously

16   ordered by the Court, and as detailed in the Report of the Class Administrator filed

17   with the Court. The Court was notified that the published notice was run two times

18   rather than the three times contained in the Court's earlier Order, and the Court has

19   previously approved this change orally, and does so now through this Order.

20           20.    The terms of the settlement as embodied herein are adequate,

21   fair, just, reasonable and equitable, and it is in the best interest of the classes that

22   this settlement be approved as set forth herein. The Court has reviewed and

23   considered the objections that have been filed to this proposed settlement. The

24   Court notes that none of the objections have gone beyond a general statement of

25   opposition, without explanation or clarification of the specific reasons for

26   objection, or citation to any legal authority that would provide support for the

27   objection. The Court considers the settlement one that is very favorable to the

28   classes, and concludes that none of the objections are meritorious. See also Order

re Award of Attorneys' Fees for a discussion of the factors affecting the possible risks to the classes if this settlement were not approved.

21.     The Court approves the settlement as it is embodied in this Order. In the last paragraph of this Order, the Court addresses the requirements of F. R. Civ. P. Rule 23, and concludes that they have been met and that this matter has been appropriately certified as a class action.

22.     Defendants shall pay a total of $21,500,000 into a Class Fund.

23.     The Court approves the Named Plaintiffs Distribution – a total of $737,000 (exclusive of fees). The Court concludes that this award is justified because the Named Plaintiffs made contributions to the class as a whole, justifying awards to them higher than those to the general class. In addition, the Named Plaintiffs' individualized damages claims, including special damages, are a factor in the determination of the sum they receive. Any fees due Class Counsel for their representation of the Named Plaintiffs is encompassed within the Class Fund Attorney's Fees referenced in ¶25.

24.     The Court approves the payments made to date to the Class Administrator for its efforts in distributing the Class Notice, and administering and processing the Plaintiffs' Claim Forms, and the related activities in which it has engaged or will engage, which amounts to $384,224.99. The Court also approves the payment of an additional $273,123.08 for work performed by the Class Administrator through October 9, 2002. The Court also approves the payment to the University of California at Los Angeles of $5,380 for class administration expenses. Further, the Court approves additional payment of up to $182,652 to the Class Administrator, which is his estimate of the high end of the additional costs entailed in completing the claims administration process. The combined total projected costs for Class Administration thus come to $845,380.07 or less, which is reasonably consistent with the estimate received from the Class Administrator to process the number of claims that have been filed here. Any of that sum not used will be placed into the *Cy Pres* Fund. A final accounting of the Class

1  Administrator's bill shall be provided to the Court, as part of the final accounting

2  for the case, and shall be filed no later than 30 days after completion of the mailing

3  of the checks to the Plaintiffs.

4       25.   Class Counsel are awarded 20 % of the Class Fund after

5  payment of the costs of Class Administration (after addition of interest and

6  subtraction of Class Administrative and Counsel Costs), plus costs of $34,743, in

7  Class Fund Attorneys' Fees and Costs, to be paid equally from Distributions 3 and

8  4. (Distributions 1-4 are described in ¶27 below.) This comes to a total of

9  $4,184,000, plus $34,743, or a combined total of $4,218,743, to be paid in two

10  equal installments. The basis for the Court's award is contained in a separate order.

11  To the extent there is any conflict between this paragraph and the separate fee

12  order, the separate fee order controls.

13       26.   All funds due under this settlement shall be paid into a special

14  trust or class settlement account established by the Administrator, or a temporary

15  special County account, and shall be distributed from there pursuant to the terms of

16  this Order. Interest earned from any such accounts through October 28, 2002, is

17  part of the Class Fund, and will be allocated accordingly. Interest earned after

18  October 28, 2002, shall go to the *Cy Pres* Fund. In the event of an appeal that lasts

19  longer than six months from October 28, 2002, before final resolution, the Court

20  will consider then whether to modify the allocation of the accrued interest.

21       27.   The Defendants will make payments as indicated below, which

22  in some cases have already been made. Those funds shall be paid into a special

23  interest bearing account as described in ¶26, *supra*. The payments shall be, or have

24  been, made on the following terms and schedule:

25       a)  $500,000 to fund Class administration as needed (Distribution 1). This

26              has already been placed in a special County fund, and interest is

27              deemed to accrue into the Class Fund from that date on those funds

28              not paid out.

     b)  $9,000,000 was due on September 1, 2001, but was not paid due to

the delay in processing the class claims. This has already been placed in a special County fund, and interest is deemed to accrue into the Class Fund from that date on those funds, as provided in ¶26 above. (Distribution 2)

c) $9,000,000 was due on September 1, 2002. This has already been placed in a special County fund, and interest is deemed to accrue into the Class Fund from that date on those funds as provided in ¶26 above.  Of this payment, one-half (1/2) of the Class Fund Attorneys' Fees and Costs awarded by the Court due Class Counsel will be paid, and the remainder will be distributed to the *Cy Pres* Fund described in ¶30, *infra.* (Distribution 3)

d) $3,000,000 is due September 1, 2003. Of this payment, one-half (1/2) of the Class Fund Attorneys' Fees and Costs awarded by the Court due Class Counsel will be paid, and the remainder will be distributed to the *Cy Pres* Fund described in ¶30, *infra.* (Distribution 4)

e) The foregoing sums amount to $21,500,000 plus accrued interest of $300,000. As noted previously in ¶24, a total of up to $845,380.07 has been authorized or set aside for class administrative expenses. As of October 2, 2002, the accrued interest has amounted to approximately $300,000.  $737,000 is allocated to the Named Plaintiffs' Distribution. It will be distributed according to the agreements between Class Counsel and the Named Plaintiffs. (No separate attorneys' fees or costs will be taken from this distribution; rather any fees from this work are incorporated into the Court's order regarding the Motion for an Attorneys' Fee Award.) $13,399,000 shall be reserved for distribution by the Class Administrator to Plaintiffs based on the standards contained in ¶¶ 28-32, *infra.* This figure was determined by the difference between the total of 1) the maximum class administration costs of $845,380.07 and Class Counsel costs of

10

$34,743 (rounded off to a total of $880,000); 2) the Class Fund Attorneys' Fees of $4,184,000; 3) the Named Plaintiffs award of $737,000; 4) and the *Cy Pres* Fund of $2,600,000[1], on the one hand, and the $21,500,000 Class Fund plus accrued interest on the other. See Order re Attorney's Fees for a chart presentation of the allocation of the total Class Fund. As described above and summarized here, one-half (1/2) of the Class Fund Attorneys' Fees and costs awarded by the Court due Class Counsel will be paid from Distribution 3, and one-half will be paid from Distribution 4. In each period, the balance (after paying all class claimants) will go to the *Cy Pres* Fund described in ¶ 30, *infra*.

28.     Based upon the point system distribution formula hereby approved by the Court, the Administrator shall make a determination of the claim of each Plaintiff, based upon the definitions contained in Exhibit B, as follows.

- Overdetentions: Day 1 or any part thereof of overdetention = 1 point total; Days 2-3 = 2 points total; Days 4-5 = 3 points total; Days 6-7 = 4 points total; Over one week = 5 points total.

- Body cavity search: One strip/visual body cavity search = 3 points. Each subsequent strip/visual body cavity search = 2 points.

- Wrong warrant: One wrong warrant = 2 points.

29.     Except for the strip/visual body cavity search points, each Plaintiff's points are to be based upon information obtained from the LASD's computerized records, and no other source. The total points will be divided into the available funds, so that a value per point is determined. Each Plaintiff will receive the value of his or her points.

---

[1] See ¶ 31, which discusses how the size of *Cy Pres* Fund was determined. As that paragraph notes, it is not known for certain what the final number of points will be, and the figure given here is thus an estimate, but it is an estimate on the high side. Should the final number of points change the amount to go to the *Cy Pres* Fund under the provisions of ¶ 31, that calculation will prevail, and the figures contained herein will be adjusted accordingly.

30.     Of the $21,500,000 Class Fund due to the classes under this Order, a portion, as further defined in this paragraph and ¶31 *infra*, will be placed in a *Cy Pres* Fund as an allocation for absent class members. This fund will be allocated in Distributions 3 and 4. The *Cy Pres* Distribution will be used to fund costs to monitor policy changes adopted by the LASD to eliminate problems relating to over-detentions, strip/body cavity searches and wrong warrants, and to fund programs serving the population at risk of incarceration in the Los Angeles County Jail. The *Cy Pres* Fund will first pay monitoring costs, specifically to pay Class Counsel to monitor the implementation of the policy changes adopted by LASD. The parties shall maintain a reserve in the *Cy Pres* Fund of $100,000 until September 1, 2003, or the time that this settlement becomes final, whichever is later, to pay any claims that are determined to have been timely filed but not received and/or appropriately processed by the Class Administrator through that date. Lead Class Counsel Barry Litt and John Burton will fulfill this task, with Class Counsel Robert Mann as back up. Compensation will be at their then current hourly rates. Two-thirds (2/3) of the remaining *Cy Pres* Distribution shall go to LASD Inmate programs and one-third (1/3) shall go to community based organizations serving populations at risk of incarceration, to be mutually agreed to by Class Counsel and the Los Angeles County Sheriff through a process to be agreed upon between them, and with the approval of the Los Angeles County Board of Supervisors. However, the *Cy Pres* Fund shall not be distributed until all Plaintiffs who are due funds under this settlement have been paid or the funds reserved. All Class Fund claims for which checks are written, sent and not cashed within six months of the date the check was issued shall revert from the individual claimant and be added to the *Cy Pres* Fund.

31.     The parties previously stipulated that, if the total points were 60,000 or less, then the *Cy Pres* Fund would be $3,000,000. Various point increases thereafter would reduce the *Cy Pres* Fund in $100,000 increments, but in no event would it go below $2,000,000. The progression was as follows:

12

- 60,001-70,000 points = *Cy Pres* Distribution of $2,900,000
- 70,001-80,000 points = *Cy Pres* Distribution of $2,800,000
- 80,001-90,000 points = *Cy Pres* Distribution of $2,700,000
- 90,001-110,000 points = *Cy Pres* Distribution of $2,600,000
- 110,001-130,000 points = *Cy Pres* Distribution of $2,500,000
- 130,001-150,000 points = *Cy Pres* Distribution of $2,400,000
- 150,001-170,000 points = *Cy Pres* Distribution of $2,300,000
- 170,001-190,000 points = *Cy Pres* Distribution of $2,200,000
- 190,001-210,000 points or more = *Cy Pres* Distribution of $2,100,000
- 210,001 points or more = *Cy Pres* Distribution of $2,000,000

Based on the Report of the Class Administrator, the total number of points attributed to the Class Claimants is estimated to range from approximately 99,000 to 108,000, which would set the amount of the *Cy Pres* Fund as $2,600,000. It is not known for certain what the final number of points will be. Should the final number of points change the amount to go to the *Cy Pres* Fund under the provisions of this paragraph, that calculation will prevail, and the figures contained in ¶27(d) will be adjusted accordingly.

32.    The parties previously stipulated that, despite the earlier provisions of this Order, no Plaintiff not listed in Exhibit C could receive more than 10 points, or receive more than $5,000, under this Order, even if s/he would otherwise be entitled to do so under the standards contained above. Further, they agreed that no Plaintiff could receive less than $50, even if s/he would not be entitled to receive that amount under the standards contained above, except in the event that the number of claimants was so large that there was not sufficient funds in the Class Distribution to pay each claimant $50, in which case the amount would be reduced pro rata. Based on the report of the Class Administrator, no Plaintiff

1  would receive less than $50 nor more than $5,000 based upon application of the

2  formula contained in this Order, and thus no adjustments are required.

3          33.    The Class Administrator is Rosenthal & Co., a firm specializing

4  in processing class actions, which has previously been appointed by this Court.

5  The Administrator shall scale the claims based upon the point system described in

6  ¶28. It shall compute the number of points due to each Plaintiff, and divide each

7  Plaintiff's number of points into the total number of points to determine each

8  Plaintiff's proportionate share of the Class Distribution.

9          34.    The period in which to file a class claim terminated on

10  September 20, 2002 (except in the case of people who had outstanding inquiries,

11  who were allowed an additional two weeks in which to file claims pursuant to

12  verbal authority granted by this Court). Any claim filed after those dates shall be

13  void regardless of whether the Plaintiff otherwise qualifies as a class member. No

14  exceptions shall be considered.

15          35.    All Distributions called for under this Order shall be paid into

16  the Class Fund on the dates set out in ¶27 of this Order shall be allocated based

17  upon the allocation system contained in ¶¶28-32 of this Order, but shall be actually

18  distributed only as provided in ¶36 of this Order.

19          36.    There have been a combined total of five (5) objections to the

20  settlement and/or the Motion for an award of attorneys' fees filed. All such

21  objections have been filed *in pro persona* (i.e., no objectors are represented by

22  counsel). No funds shall be distributed until the time for appeal has run on any

23  objections to this settlement and no appeal has been filed, or an appeal has been

24  filed and finally disposed of. During the intervening period, the funds shall be

25  maintained in a special interest bearing account as described in ¶26, *supra*.

26  However, if the appeal would only affect a portion of the Class Fund, or would

27  only affect the award of attorneys' fees and costs and not the Class Distribution, or

28  would only affect a portion of the attorneys' fees and costs awarded, then the

unaffected portion shall be distributed, as shall any Class Fund Attorneys' Fees

1    awarded for the unaffected part. The Court has addressed the objections generally

2    in ¶20, *supra*, and addresses each of the objections separately in a separate Order.

3        37.    Except as otherwise provided in this Order, each party shall

4    bear its own costs, expenses and attorneys' fees.

5        38.    The use of the masculine gender herein is construed to include

6    the feminine and/or the neuter where applicable. The use of the singular herein is

7    to be construed to include the plural where applicable. The use of the plural herein

8    shall be construed to include the singular where applicable.

9        39.    The Court reserves and maintains jurisdiction over this

10   settlement, and over the claims administration and distribution of the funds.

11   Disagreements between the parties on any disputes or unresolved aspects of this

12   Order shall be subject to mediation before the mediator who has mediated this case

13   to date. If mediation is not successful, the matter shall be brought to this Court for

14   resolution.

15       40.    The Class Administrator shall process all claims within 60 days

16   of the time monies may be distributed to Plaintiffs under the provisions of ¶36 of

17   this Order, and shall file a final report within 60 days thereafter regarding the Class

18   Distribution for which it is responsible under this Order. Class Counsel shall file a

19   final report on all distributions under this Order no later than February 1, 2004, or

20   at the time that the Class Administrator files his final report, whichever is later.

21       41.    When this, or any subsequent, Order of the Court becomes

22   final, an Order of Dismissal of the Complaints, including in this case, shall be

23   entered in each of the cases (except for the *Riley* case, which is already scheduled

24   for final dismissal once this case is resolved. Pursuant to the provisions of ¶39, the

25   Court retains jurisdiction over matters related to the settlement.)

26       42.    The court previously certified these classes pursuant to the

27   agreement of the parties, but did not independently address the requirements of F.

28   R. Civ. P. Rule 23, which it now addresses. The court finds that all requirements of

     F. R. Civ. P. Rule 23 have been met in this case for each class certified, and that

     15

the case is appropriately certified as a class action. Each consideration under F. R. Civ. P. Rule 23 is discussed in turn below:

A.   The class is so numerous that joinder of all members is impracticable. Over 250,000 notices were mailed to class members, and over 40,000 claims were made. F. R. Civ. P. Rule 23(a)(1).

B.   There are questions of law and fact common to the class, to wit, whether, pursuant to a policy of the LASD, class members were overdetained, were strip and/or visually body cavity searched after being entitled to release, and/or were detained on a wrong warrant. F. R. Civ. P. Rule 23(a)(2).

C.   The claims of the representative parties are typical of the claims of the classes. The named class members included several people claiming they were overdetained, several claiming they were strip and/or visually body cavity searched after becoming entitled to release, and several claiming they were detained on a wrong warrant. Information was presented indicating that these claims were typical of the class. Further, on the overdetention issue, the Ninth Circuit determined that the District Court's initial finding of lack of typicality was wrong as a matter of law. F. R. Civ. P. Rule 23(a)(3).

D.   The representative parties have fairly and adequately protected the interests of the class, as this settlement, and the large numbers of class claims, indicate. F. R. Civ. P. Rule 23(a)(4).

E.   Further, the Court finds that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." F. R. Civ. P. Rule

23(b)(3). In addition, the Court concludes that (A) the interests of the class are best served by aggregation of the action rather than individual prosecution of the claims which, as a practical matter, would preclude the vast majority of class members from realizing any remedy at all; (B) these matters have consistently been litigated as class actions by the Named Plaintiffs, based upon the conclusion of the class representatives and their counsel that this was the best means of obtaining relief; (C) the most desirable and efficient means of resolving the issues is in the form of a class action; and (D) the class was manageable, involving people who could be reasonably determined from the LASD's own data, and regarding the resolution of whose claims few difficulties were expected to be or were encountered beyond the sheer management of the numbers involved.

DATED: November 27, 2002

Carla M. Woehrle
United States Magistrate Judge

Submitted by:

LITT & ASSOCIATES
A LAW CORPORATION

By: _____
Barrett S. Litt
Lead Class Counsel

FRANSCELL, STRICKLAND, ROBERTS & LAWRENCE

By: _____
Paul Beach
Lead Counsel for Defendants

17

1   EXHIBIT A – List Of Cases Encompassed By Order re Settlement

2   EXHIBIT B – Definitions of the three Classes.

3   EXHIBIT C – List of the persons receiving Distributions as part of the Named

4        Plaintiffs' Distribution.

5   EXHIBIT D – List of Opt-outs.

# EXHIBIT "A"

## LOS ANGELES SUPERIOR COURT

| | |
|---|---|
| Jane Davey, et al.<br><br>   Plaintiffs<br>  v.<br>Sheriff Sherman Block, et al.<br><br>   Defendants. | Case No. BC 182579<br>(Consolidated with Case No.<br> BC 204624)<br><br>Judge Ann Kough<br><br>Filed: 12/10/97 |
| Vartan Derkallessanian<br><br>   Plaintiff<br><br>  v.<br><br>County of Los Angeles, etc., et al.<br><br>   Defendants. | |
| James E. Johnson, et al.<br><br>   Plaintiffs<br><br>  v.<br><br>County of Los Angeles, et al.<br><br>   Defendants. | Case No. BC 213059<br>Judge Ann Kough<br><br>Filed: 7/6/99 |
| Martha S. Riley,<br><br>   Plaintiff<br><br>  v.<br><br>County of Los Angeles, et al.<br><br>   Defendants. | Case No. BC 239825<br>Judge Ann Kough<br><br>Filed: 11/6/00<br><br>NOT A CLASS ACTION<br><br>Related To BC 213059 |
| Valentin Landeros Sanchez, et al.<br><br>   Plaintiffs<br><br>  v.<br><br>County of Los Angeles, et al.<br><br>   Defendants | Case No. BC 231187<br>Judge Gregory Alarcon<br><br>Filed: 6/5/00 |

Doc. 56249  Client 1171

000019

EXHIBIT A

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
## OF CALIFORNIA

| | |
|---|---|
| Munique Williams, et al. <br><br>                Plaintiffs <br><br>       v. <br><br> Sheriff Sherman Block, et al. <br><br>             Defendants | Case No. CV-97-03826-WJR <br> Judge William J. Rea <br><br> Filed: 4/22/97 (State Court) |
| Randall Cleaves, et al. <br><br>                Plaintiffs <br><br>       v. <br><br> County of Los Angeles, et al. <br><br>             Defendants | Case No. CV-98-09573-WJR <br> Judge William J. Rea <br><br> Filed: 11/30/98 |
| Valerie Ann Streit, et al. <br><br>                Plaintiffs <br><br>       v. <br><br> County of Los Angeles, et al. <br><br>             Defendants | Case No. CV-98-09575-WJR <br> Judge William J. Rea <br><br> Filed: 11/30/98 |
| Samuel Gladney, et al. <br><br>                Plaintiff <br><br>       v. <br><br> County of Los Angeles, et al. <br><br>             Defendants | Case No. CV-99-00586-WJR <br> Judge William J. Rea <br><br> Filed: 1/21/99 |
| Leellen Patchen, et al. <br><br>                Plaintiffs <br><br>       v. <br><br> County of Los Angeles, et al. <br><br>             Defendants | Case No. CV-98-09574-WJR <br> Judge William J. Rea <br><br> Filed: 11/30/98 |

000020

EXHIBIT A

| | |
|---|---|
| Eddie Shields,<br><br>       Plaintiff<br><br>    v.<br><br>County of Los Angeles, et al.<br><br>       Defendants | Case No. CV-98-09695-WJR<br>Judge William J. Rea<br><br>Filed: 12/3/98 |
| Pedro Canizales,<br><br>       Plaintiff<br><br>    v.<br><br>Sheriff Sherman Block, et al.<br><br>       Defendants | Case No. No. CV-98-2475-WJR<br>Judge William J. Rea<br><br>Filed: 4/3/98 |
| John B. Fairley,<br><br>       Plaintiffs<br><br>    v.<br><br>Sheriff Sherman Block, et al.<br><br>       Defendants | Case No. No. CV-98-03187-<br>WJR<br>Judge William J. Rea<br><br><br>Filed: 4/27/98 |
| Sahag Tchakmakjian, et al.<br><br>       Plaintiffs<br><br>    v.<br><br>Sherman Block, et al.<br><br>       Defendants | Case No. CV-98-9683-MRP<br>Judge Mariana R. Pfaelzer<br><br><br>Filed: 12/2/98 |

CLASS DEFINITIONS [EXHIBIT B TO SETTLEMENT STIPULATION; EXHIBIT A TO
ORDER RE RELEASE AND SETTLEMENT OF ALL CLAIMS]

### Recitals

1. The class definitions in this document apply to people who were held in the custody of the Los Angeles Sheriff's Department ("LASD") between April 23, 1996 and the date the Court preliminarily approves the settlement, to wit December 31, 2001.
2. The identities of the class members shall be determined from the Los Angeles County Sheriff's Department's Historical Automated Justice Information System.
3. Notwithstanding the class definitions in this document, excluded from each class is any person who has previously received compensation for the claims which are the subject of this settlement or who has filed suit against the County of Los Angles and/or its agents and whose claim has been adjudicated against him or her.

### Class Definitions

## I.   OVERDETENTION CLASS

People who were not subject to a hold and who were not timely released from jail in one or more of the following circumstances:

1. People for whom there was no finding of probable cause by a judicial officer for their arrest and who were released more than 56 hours after they were arrested;
2. People who were ordered released by a court and who were not released the same day;
3. People who were not arraigned or released within the maximum time permitted by California Penal Code § 825. For people arrested on a Wednesday, in a week when neither the Wednesday nor the Friday was a holiday, this includes people who were not released by midnight on the Friday. Otherwise, for people arrested on or before 4:00 p.m. this includes people who were not released by midnight on the second court day following their arrest; and, for people arrested after 4:00 p.m. this includes people who were not released by midnight on the third court day following their arrest. A court day is a day when the court is in session and does not include Saturdays, Sundays or holidays;
4. People who became entitled to be released, other than by a court order or because they had completed a jail sentence, and who were not released within 8 hours of the time at which the Los Angeles Sheriff's Department entered the release information in its computer system;
5. People who were held in jail to serve a jail sentence and who were not released by midnight on the day their sentence expired; or
6. People who had holds which were not cancelled before they otherwise became entitled to release and who were not released within 8 hours after the hold cancellation date and time in the LASD computer system.

II.   **STRIP AND VISUAL BODY CAVITY SEARCH CLASS**

People who were transported from a courthouse to jail to be processed for release, and who were subjected to a strip search or a visual body cavity search at the jail after return from court.

III.   **WRONG WARRANT CLASS**

People who were improperly held in custody on a warrant for another person.

## AMENDED NAMED PLAINTIFFS' LIST

| Name | Case |
|---|---|
| Acosta, Rene | None |
| Aguliera, Juan* | *Davey* |
| Allen, Renea | None |
| Austin, Sherman | None |
| Bolderoff, Dunya | *Tchakmakjian* |
| Borrup, Margo | |
| Britt, Loretha | *Canizales* |
| Caldwell, Janis | None |
| Campos, Luis | *Campos* |
| Canizales, Pedro | *Canizales* |
| Carillo, Alfred | *Cleaves & Tchakmakjian* |
| Cleaves, Randall | *Cleaves & Tchakmakjian* |
| Cooper, | *Williams* |
| Courie, April | |
| Davey, Jane | *Davey* |
| Davis, Sylvia Ann | None |
| Derkallessanian, Vartan | *Derkalles* |
| Dickey, Jr., Robert | None |
| Estrada, Lorraine | *Estrada* |
| Fairley, John | *Fairley* |
| Fernald, Gregory | None |
| Fricks, Master | *Davey* |
| Gant, Kelvin | None |
| Garcia, Yesenia | None |
| Gladney, Samuel | *Gladney* |
| Glover, Deborah | *Tchakmakjian* |
| Hardin, Doug | None |
| Henry, Victor | *Henry* |
| Hernandez, Raul | None |
| Herrera, David | None |
| Ho Sin | *Ho Sin* |
| Huerta, Pedro | *Davey* |
| Johnson, James | *Johnson* |
| Johnson, Tishon | *Johnson T* |
| Jones, Lawanda | None |
| Landeros, Valentin | *Sanchez* |
| Lopez, Saul | *Davey* |
| Mitchell, Eric | *Williams* |
| Newson, Jacqueline | *Johnson* |
| Olano, Marisol | None |
| Overton, Jerome | None |

| Name | Case |
|------|------|
| Owens, Frederick | *Sanchez* |
| Patchen, Leellen | *Patchen* |
| Patton, Jock | None |
| Perez-Torres, Lenin Freud | None |
| Pittman, Patrick James | *Sanchez* |
| Price, Eric | *Sanchez* |
| Ramirez, Diane | *Williams* |
| Ross, Homer | None |
| Salvo, Gaetano Dan | *Salvo* |
| Sanchez, Laura | None |
| Santillana, Diego | *Streit* |
| Sellers, Ruby | *Williams* |
| Sheffield, Linda | None |
| Shields, Eddie | *Shields* |
| Solis, Marlene | *Solis* |
| Tchakmakjian, Issac | *Tchakmakjian* |
| Teitelbaum, Sol | Teitelbaum |
| Thome, Lisa | None |
| Villalobos, Miguel | None |
| Watson, Lennard | *Davey* |
| White, Michael | *Williams* |
| Williams, Charles | Patchen |
| Yousif, Heather | *Williams* |
| Total: 64** | |

*- This is a newly added named plaintiff who was inadvertently omitted from the list of named plaintiffs existing at the time that the settlement agreement was originally signed, but who was contemplated by plaintiffs' counsel to be included within the $750,000 Named Plaintiffs Distribution because he was part of the group that was to be covered (i.e., all individuals represented by plaintiffs' counsel were to be accounted for).

**-The original number of named plaintiffs submitted included two plaintiffs whose claims had been previously settled in full: Moses Carranza and Kerry Schrek. Their names had been included in error, and have now been removed in accordance with their individual settlements.

**OPT-OUTS**

| Last Name | First Name | Booking No. | Claim No. | Date Rcvd |
|---|---|---|---|---|
| Andrews | Viceroy | 5947541 | 12301925 | 09/30/02 |
| Bell | William | | | 08/22/02 |
| Berry | Rodney | 6216306 | 11063500 | 08/22/02 |
| Bryant | Donald G | 4373288 | 10822824 | 09/27/02 |
| Clarke | Larry Oliver | 6596022 | 12264730 | 09/03/02 |
| Currie | Denise Michelle | 5285418 | 12224767 | 09/27/02 |
| Downs, Jr. | Marvin H. | 5279153 | 10201649 | 09/10/02 |
| Harris | Arneva Louise | 5170207 | 11585647 | 07/22/02 |
| Hart | Anthony K. | 6565539 | 12634034 | 09/23/02 |
| Huynh | Thai Quoc | 5930329 | 12609463 | 08/22/02 |
| Jackson | David | 6292338 | 11055203 | 09/20/02 |
| Kaminskiy | Illya | 6546356 | 13010138 | 09/11/02 |
| Karim | Parvez | 6482838 | 12452908 | 07/15/02 |
| Mattson | Jimmy Paul | 6203183 | 12753219 | 09/23/02 |
| May | Karen R. | 5088710 | 11208178 | 09/19/02 |
| Mesa | Teresa | 6676885 | 12544572 | 09/06/02 |
| Mortimer | Roger D. | 6414333 | 11057215 | 08/22/02 |
| Mulcahy | Tim | 4963223 | 10880480 | 08/22/02 |
| Niems | Kenneth | 7113517 | 11069536 | 09/30/02 |
| Padilla | Jaime | 6409212 5189807 6328344 | 10527752 | |
| Pilone | Paul Kenneth | 7102542 | 12001588 | 09/23/02 |
| Rosenberg | Tracy Wynne | | | 09/20/02 |
| Sanford | Dianna | 6622685 | 11524769 | 08/22/02 |
| Survine | Herschel Massa | 6724585 | 11558581 | |
| Teodoro | Nelson | 5958878 5650405 | 11106339 | 08/22/02 |
| Thomas, Jr. | Melvin | | | 09/04/02 |
| Toloza | Manuel | 5846380 | 11165521 | 08/22/02 |
| Vasquez | Jeronimo | 5194760 | 11317883 | 08/22/02 |
| Velasco | Carmen Ibanez | 6302954 | 11106878 | 09/03/02 |
| Volochtchouk | Alexandre | 5922698 | 10749467 | 09/06/02 |
| Von Friedly | Kenneth | 5880106 | 10232888 | 09/03/02 |
| Young | Robert M. | 6608858 | 12350683 | 07/10/02 |

**WILLIAMS, ET AL. V. COUNTY OF LOS ANGELES, ET AL.**
**SERVICE LIST**

JOHN C. BURTON, SBN 86029
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

ROBERT MANN, SBN 48293
DONALD W. COOK, SBN 116666
ADAM J. AXELRAD, SBN 148981
MANN & COOK
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

TIMOTHY J. MIDGLEY, SBN 123738
MANES & WATSON
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 381-7793
Facsimile: (213) 381-0024

MARY ANNA HENLEY, SBN 50015
ATTORNEY AT LAW
2766 Santa Rosa Avenue
Altadena, CA 91001
Telephone:(626)794-9978
Facsimile:(626)794-9978

ROBERT C. MOEST, SBN 062166
LAW OFFICES OF JOHN C. BURTON
35 South Raymond Ave., Suite 405
Pasadena, CA 91105
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

Attorneys for Plaintiffs

DAVID D. LAWRENCE, SBN 123039
PAUL B. BEACH, SBN 166265
FRANSCELL, STRICKLAND, et al.
100 West Broadway, Suite 1200
Glendale, CA 91210
Telephone: (818) 545-1925
Facsimile: (818) 545-1937

LLOYD W. PELLMAN, SBN 054295
LOU V. AGUILAR, SBN 053053
KEVIN C. BRAZILE, SBN 113355
OFFICE OF COUNTY COUNSEL
500 W. Temple St. #648
Los Angeles, Calif. 90012
Telephone: (213) 974-1904
Facsimile: (213) 687-7300

Attorneys for Defendants

Doc 58614  Client 1171

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3435 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010-1912.

On November 5, 2002, I served the foregoing document described as [PROPOSED] ORDER RE SETTLEMENT, RELEASE AND DISMISSAL OF CLAIMS IN CLASS ACTION on the interested parties in this action by placing the true copies thereof in sealed envelopes addressed according to the attached service list.

## [XX]  BY MAIL

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on November 5, 2002, at Los Angeles, California.

*Julia C. White*

Julia C. White